## The Commonwealth *against* Strohecker.

9 W 479
211 ¹266
9 W 479
32 SC ²511

An administrator *de bonis non* can alone maintain an action to recover the assets of the estate remaining in the hands of a dismissed administrator.

An administrator *de bonis non* recovered a judgment and issued execution against dismissed administrators who became insolvent. He then sued one of the sureties in their administration bond, obtained a cautionary judgment, for its amount, and died without having enforced this judgment. A second administration *de bonis non* was then granted: *Held*, that neither the heirs at law of the original intestate, nor the personal representatives of the first administrator *de bonis non* could sue on or enforce the cautionary judgment against the surety; but that the second administrator *de bonis non*, might issue a *scire facias* on such judgment in order to recover from such surety or his personal representatives, the amount of the judgment obtained against the original administrators by the first administrator *de bonis non*.

ERROR to the common pleas of *Berks* county.

The Commonwealth, for the use of Miche Fisher and Sarah his wife and others, heirs at law of John Garber, deceased, against John Y. Cunius, administrator of John Strohecker. This was a *scire facias* brought by the plaintiffs on a judgment obtained on the administration bond in the estate of John Garber, deceased, given by David Garber and John Garber, as administrators, and John Strohecker and John Birkenbine, as sureties, in the sum of 10,000 pounds. It appeared in evidence that David Garber and John Garber had been dismissed from the administration of the estate of John Garber, deceased, on an information to the court that they were wasting the estate, and letters *de bonis non* issued to Daniel Drinkel. It also appeared by a report of auditors, that the said David and John Garber had in their hands, of the assets of the estate, 11,158 dollars 88 cents. The only question in the case was, whether the action could be maintained in this form by the present plaintiff; and it arose upon an exception to the evidence offered by the plaintiff. The court below (Banks, president) rejected all the evidence offered, on the ground that the plaintiffs could not recover.

*Hoffman*, for plaintiffs in error, cited 5 *Rand.* 51; *Act of April* 4, 1797, sect. 1.

*Smith*, for defendant in error, cited 3 *Rawle* 361. 379; 17 *Serg. & Rawle*, 146.

[The Commonwealth v. Strohecker.]

The opinion of the court was delivered by

KENNEDY, J.—The error complained of is, that the court below rejected the evidence of the plaintiffs, offered by them, as they alleged, for the purpose of sustaining their claim. If, however, the evidence did not tend to support the claim made by the plaintiffs, it would have been worse than useless to have admitted it. For, beside creating additional expense to the county, by occupying the time of the court and jury, it might have delayed, if not excluded, for the term, the business of other suitors in waiting, and would, therefore, have been an injurious waste of time, that ought to be avoided. In bringing this suit, the counsel for the plaintiffs would seem to have considered it as the ordinary case of an administrator's having died with assets in his hands, raised from sales of the goods and chattels, and receipts of the debts belonging and owing to the intestate at the time of his death. If such had been the case at the time of suing out the writ of *scire facias* here, doubtless it might have been maintained according to the doctrine laid down in Potts *v.* Smith, 3 *Rawle* 361, and the cases there cited. For although administration *de bonis non* had been granted upon the death of the administrator so dying, as the law then stood, the administrator *de bonis non* would not have been entitled to receive the moneys remaining in the hands of the deceased administrator at the time of his death. It would have been the duty of the personal representatives of the latter, after paying the creditors of the intestate, if there were any, out of the same, to have distributed the surplus, if any remained, amongst the next of kin: and had he refused to do this, they might have compelled him, by instituting a proceeding at law against him for that purpose. The case here, however, is altogether different. David and John Garber, the original administrators, did not die while holding the office of administrators, with the moneys in their hands, or after having used them, but were dismissed by the orphans' court upon complaint made against them that they were mismanaging and wasting the assets of their intestate. The court also, at the same time, in conformity to the act of assembly, authorizing the dismissal of the administrators from their offices, and the appointment of an administrator *de bonis non* in their stead, appointed Daniel Drinkel administrator *de bonis non*, and made a decree requiring them to pay over the balance, which appeared to be in their hands by a settlement in the court, of their administration accounts, to the administrator *de bonis non*. The latter having thus become entitled to receive all the assets of the intestate for which the original administrators were accountable, and had become liable, instituted an action against them in the common pleas of Berks county to January term 1825, for the recovery thereof, in which he subsequently obtained a judgment against them for 6846 dollars 99 cents. But the defendants being insolvent, and Drinkel, therefore, unable, after issuing a *fieri facias* upon his judgment against them, to enforce execution of it, caused,

[The Commonwealth v. Strohecker.]

as it would seem, an action to be instituted upon their administration bond against John Strohecker, one of the sureties in it, wherein he obtained a cautionary judgment for the amount of the bond. After this, Drinkel dying in 1831, without having received the assets belonging to the estate of John Garber, the original intestate, which were decreed by the orphans' court to be paid to him, the register of the county granted letters of administration *de bonis non* upon the estate of said Garber to Mathias S. Richards. And John Strohecker, the surety of the original administrators dying, also, about the same time, letters of administration were granted upon his estate to John Y. Cunius, the defendant in this action. Now these being the facts of the case, as either admitted or offered to be proved by the evidence rejected, it is clear, according to the settled doctrine contained in Potts *v.* Smith, that they are not sufficient in law to entitle the plaintiffs to recover in this action. It may be that, at the time the *scire facias* was sued out, which was returnable to August term 1834, the personal representatives of Daniel Drinkel, whoever they were, would have been the proper persons to have maintained it. An act of assembly, however, though passed previously to that, yet came into operation since, on the first of Octobor following, which would seem to authorize the administrator *de bonis non* of John Garber, the original intestate, to sue out and prosecute a writ of *scire facias* upon the judgment obtained on the administration bond, for the purpose of recovering the amount of the judgment had by Daniel Drinkel, the first administrator *de bonis non,* against David and John Garber, the original administrators. The 31st section of the act just alluded to, *Str. Purd.* 394, 395, enacts, among other things, that administrators *de bonis non,* with or without a will annexed, shall have power to commence and prosecute actions upon promises made to their predecessors, in their representative character, and to sue and defend writs of error, writs of *scire facias,* and writs of execution upon judgments obtained by or in the name of the executors or administrators, into whose place they have come. And also to proceed with and perfect all unexecuted executions which may have been issued thereon at the instance of such predecessors. Seeing, then, that the plaintiffs have no power or right to sue out and maintain the writ of *scire facias* for the recovery of the money claimed here, the evidence offered by them could not have availed them any thing; and therefore we think it was rightly rejected.

Judgment affirmed.