## Weld *against* M'Clure.

An administrator *de bonis non*, with the will annexed, may maintain an action against a dismissed executor, to recover from him the balance of the estate remaining in his hands.

The decree of a court directing money to be paid, makes it a debt, for which an action lies at common law; and, though enforceable by attachment, that is not the sole remedy.

ERROR to the special court of common pleas of *Clearfield* county.

John Weld, administrator *de bonis non*, with the will annexed, of John Wigley, deceased, against Wilson M'Clure and Thomas M'Clure, administrators of Thomas M'Clure, deceased. This was an action on the case to recover from the defendant's intestate the balance which remained in his hands as the executor of John Wigley.

The plaintiff gave in evidence the petition of Thomas M'Clure, praying to be permitted to resign his executorship of the estate of John Wigley, and the order of the court accepting his resignation. On the same day auditors were appointed to settle his account, who reported a balance in his hands of 628 dollars 11 cents. Letters of administration subsequently issued to the plaintiff, who brought this action.

After the plaintiff had given this evidence, the court below instructed the jury that the orphans' court alone had jurisdiction of the cause of action, and this in the common pleas could not be maintained, and instructed the jury to find for the defendants.

*Burnside*, for plaintiff in error, referred to the several acts of assembly on the subject.

*Blanchard*, for defendant in error, cited *3 Rawle* 361.

The opinion of the court was delivered by

SERGEANT, J.—The incapacity under which an administrator *de bonis non* laboured, previous to the act of the 24th of February 1834, to recover the assets in the hands of the representatives of a prior executor or administrator who had died, arose from the want of title to the property of the decedent not remaining in specie. That reason does not apply in the case of a dismissed executor or administrator, because the 3d section of the act of the 4th of April 1797, expressly gives to the successor the administration of the unadministered part of the estate, and directs that the dismissed party surrender up the residue of the estate. This residue comprehends

all the goods, chattels, property, effects, and moneys of the decedent remaining in his hands.   There is no reason why any portion of the estate should longer remain in the hands of an officer whose functions are terminated, and who has become a stranger in respect to the estate, without capacity to administer it himself, or transmit it to others.   Here there was a balance due by the dismissed executor, which he ought to have paid over long ago, according to his own petition, when he was permitted to relinquish the office; and it was his duty to do so *instanter* on being dismissed, that being the express accompaniment annexed by the act of assembly to the privilege of withdrawal from office.   Then, if the administrator *de bonis non* was entitled to receive that balance, and the executor was directed to pay it over to him, and bound to do so, an action lies to recover it.   The decree of a court directing that money be paid, makes it a debt, for which an action lies at common law; and though there might be another remedy by attachment, yet that is not the sole remedy, and in some cases would be less efficient than an action.   We are of opinion that the action was maintainable, and that the judgment must be reversed.

Judgment reversed, and a *venire facias de novo* awarded.