LEA *v.* HOPKINS,

BARKER *v.* HOPKINS.

</div>

The first execution binds after acquired real estate, without regard to the priority of judgments.

An administratrix may sue for a debt due to the estate, although the debtor has executed a bond to those entitled as distributees.

And such a count may be joined with a count on a debt admitted to be due her as administratrix, for the negligence of her agent, and the want of an averment of a promise is immaterial, especially after verdict.

Additional counts are presumed to have been filed with consent, unless an objection appear on the record or bill of exceptions.

Where no instructions have been asked as to the effect of a plea of the statute of limitations, it seems the judgment will not be reversed for an omission to notice it in the charge.

A bond, void because executed on a Sunday, may be used as an admission of a liability.

*April* 12.   MOTION to take the money raised by a sheriff's sale of the defendant's real estate out of court.   A judgment had been recovered in February, 1843.   Subsequently real estate descended to the defendant.   In 1847, the cause was certified to this court in error.   A *fi. fa.* had previously issued; and under an *al. ven. ex.*, issued February 8, the property was sold by the sheriff on the 6th of March.   On the 19th February a *sci. fa.* to revive had issued.

The motion was resisted by a prior judgment-creditor of Hopkins. The questions argued by *Meredith* and *Randall* for the rule, and *Scott* and *Tilghman*, contrà, were : That though judgments are not liens on after-acquired real estate, yet that only prevailed as to purchasers; and that when such property was sold, it was distributed according to the priority of liens.   On this was cited, against the motion, Rundle *v.* Etwein, 6 Binn. 136, n. to Colhoun *v.* Sni-

der; Richter *v.* Selin, 8 Serg. & Rawle, 440; 1 Watts, 394; 2 Penna. Rep. 101; 4 Barr, 127. That the subsequent *sci. fa.* could not support the previous *fi. fa.*, and hence, none of the judgments being within five years, they must take precedence according to their dates. For the rule was cited, Colhoun *v.* Snider, *ut sup.;* and Dennison's Appeal, 1 Barr, 201. But the court were clearly of opinion that the first execution had the priority as to after-acquired real estate; and the point, it will be seen, had been decided in 6 Barr, 277.

The other point was, that the judgment under which the execution issued was now pending in error, and if the court allowed the money to be taken out, and that were reversed, the writ of restitution could only issue for the benefit of the defendant, and not for his creditors. The court, therefore, directed that cause to be submitted on written arguments, and impounded the money in the mean time.

The case as submitted, so far as the facts could be gathered from the record, was as follows:—

On the 15th May, 1831, Hopkins executed a bond, reciting that a loss had been sustained to the estate of A. Barker of $5000 by the sale of two hundred shares of stock in the Mercantile Insurance Company of New York, and acknowledging himself "indebted to the persons entitled to the division of the estate" for the said $5000, with interest from a certain time.

In 1834, Barker, administratrix of A. Barker, brought an action of debt, and declared on this bond. An award was made for defendant.

In 1842, counts were added by leave of the court, to which the record showed no objection was made. The first was for a debt due to plaintiff as administratrix, by Hopkins, for a loss on a sale of said stock, by him as agent of plaintiff, administratrix. The second was to the same effect, averring a loss through defendant's negligence. The third was on an account stated. All these counts concluded, "whereby a cause of action had accrued." To these defendant pleaded the general issue and "*actio non, infrà sex annos* preceding new counts." The charge of his honour, GIBSON, C. J., was the only matter occurring on the trial which was on the bill of exceptions. From that it appeared the defence taken was, that the bond had been executed on a Sunday. He, therefore, instructed the jury, that if this were not so, the action must fail for want of parties, as the distributees of Barker were not all plaintiffs. But if the bond was void, the parties were restored to their original rights; and then the plaintiff,

2 T

as administratrix, could sue, and the void bond was evidence of an admission of a debt of which there was evidence of other admissions; and if this were so, they must find for plaintiff on the two last counts, which was accordingly done.

- The points raised in the arguments by *Scott* and *Tilghman* were: 1. That the additional counts could not be filed, for they varied the cause of action. The original being on a bond, in which case there were not proper parties, and the new counts going upon the consideration which gave an action to another party. It was not the mere change of form, but the introduction of a cause of action, barred by the statute, which was complained of, and which showed the irregularity of the order. It was also after an appeal from an award. On this was cited Farmers *v.* Israel, 6 Serg. & Rawle, 295; Shock *v.* McChesney, 4 Yeates, 510, 511; 4 Barr, 198; 8 Serg. & Rawle, 287; 5 Binn. 51; 11 Serg. & Rawle, 98; 1 Watts, 229; 2 Rawle, 337; 1 Whart. 282; 5 Barr, 257.

2. That the bond was forbidden by the act of 1794, being worldly business, which was prohibited on Sunday, and hence it was inadmissible as evidence, since it would be equally a violation of the statute to permit a party to derive benefit from an instrument to preserve evidence *in perpetuam*, as from any other worldly business. On this were cited 6 Watts, 231; 3 Watts & Serg. 446, and 2 Barr, 448.

3. That the bond being void and the liability left as before, the plea of the statute having run prior to the filing of the counts, on which alone the action could be sustained, was good; for the filing of new counts was equivalent to the issuing of a new writ, as was decided in the Circuit Court, per Washington, J., in Lannings *v.* Dolph, MS.

4. The new counts averred no cause of action. There is no allegation for what purpose or remuneration the defendant was an agent, nor of any negligence in the sale or disobedience of orders; nor does it aver a contract for which debt can be brought; and the pleas and judgments proper to the original counts cannot be entered on these. Such contracts only being within the action as can be declared upon in *indebitatus assumpsit:* United States *v.* Colt, Pet. C. C. 145; nor even all those: 2 Burr. 1008. No promise is averred, and the mere negligence cannot give an action of assumpsit. The original action was for different plaintiffs, and *nil debet* could not be pleaded thereto.

*Spencer, C. Ingersoll, Randall,* and *Meredith,* contrà.—There

was no exception to the additional counts, nor was there any further change in the action than suing for the consideration of a bond instead of on the bond, which consideration appeared in the bond itself: Robinson v. Taylor, 4 Barr, 242. In Aylwin v. Todd, 1 Bing. N. C. 170, a change from covenant on a charter-party to assumpsit for freight was allowed after nineteen years. The same reasons are applicable; the defendant misled the plaintiff by dating his bond on a Sunday. But the amendment being discretionary, as there was nothing to show it was not made at common law, this court could not examine it. As to the award, that objection only applies where defendant appeals, and this for the sake of his surety and costs: 2 Barr, 446.

3. The count must necessarily refer to the time of action brought. Nor was any instruction prayed on this point.

2. The cases cited are, where no evidence of a previous liability is given by the void instrument. It was void only by the statute, but as evidence of a lawful contract it is not thereby avoided. Besides, there appears to have been other evidence, if the charge is looked to, and that is all the statement we have of the evidence. The act does not extend to one not party to the illegal transaction: Commonwealth v. Kendig, 2 Barr, 452.

4. The defects in the counts are waived by pleading over, or cured by verdict; hence the mere want of the averment of a promise is immaterial. But there is no such defect as will be looked to here. The averment amounts to this, that plaintiff's agent had her money and lost it; the manner becomes wholly immaterial, as it is clear he must once have had it to have lost it: Amey v. Lang, 9 East, 473; and hence the verdict may be entered by the judge's notes on the last count: Catherwood v. Kohn, ante, 392, is full to this point. The objection as to misjoinder does not apply.

*June* 15. COULTER, J.—This cause was laid before the court at its last consultation, 9th June inst., and decided in favour of the defendant in error. The case presents imposing claims on behalf of the defendant in error, so far as the merits are disclosed on the record; and the plaintiff in error seeks to overturn the judgment mainly upon error in the pleadings. That the debt claimed belonged to the estate of Abraham Barker, is clear from the bond itself, for it is distinctly so declared in the premises of the instrument. The engagement, however, is to pay to those legally entitled to the *division of the said estate.* It is probable that the parties contemplated, or

had in their eye, the widow and children; but of that we know nothing except what appears from the face of the instrument. But, as the debt or duty belonged to the estate, the administratrix, who represented the personal estate, was the proper person to bring suit. There may have been debts unpaid, known to the administratrix, or there may have been debts undiscovered at that time; in which case it would have been the duty of the administratrix to recover the fund, and take refunding bonds before she paid it to those entitled to the division; so that the fund would be available if debts were afterwards discovered. The bond was in the possession of the administratrix, and we must presume was delivered to her, and retained by her, with these purposes in view, and we may fairly infer that such was the understanding of the obligor. When the administratrix instituted the suit, it was not necessary that the *cestuis que trust* should be named on the record. She brought the suit as administratrix, representing the personal estate of the deceased, and would hold the fund for those legally entitled when recovered, either creditors or distributees. An administrator *de bonis non*, with the will annexed, may bring suit against a deceased executor, to recover a balance of the estate in his hands, although such deceased executor incurred the primary liability to the legatees: 9 Watts, 495. ‘ An executor may bring suit in his own name for the goods of the testator wrongfully taken: 4 Hill, 57; and suing in trover, may also declare in his representative character, where the property belongs to the estate: 17 Verm. 165. In this case the administratrix, having the bond in her possession, which, as we are bound to believe, was delivered to her by the obligor, in which it was declared that the debt belonged to the estate, would have been liable to creditors, if any such there were, and was fully answerable for the whole, or any surplus, as the case might eventuate, to the distributees. In the long period during which the suit was pending, and two trials at Nisi Prius, we hear of no objection to the suit or to the recovery, by the administratrix, on the part of those who would be embraced by the designation of those entitled to the division of the estate. She stands in the suit and in her representative capacity as their trustee. In relation to the alleged discrepancy in the first count, which avers that the debt was due to the persons legally entitled to distribution of the estate of the decedent, and the superadded counts which lay the money as payable to the administratrix in her representative character, I do not perceive much weight in it. In all the counts, the administratrix is the actor in the conduct of the suit and the complain-

ant; and, whether she recovered in all or any one of them, she would hold the proceeds for those legally entitled, whether creditors or distributees, as the case might be. In Peries *v.* Aycinena, 3 Watts & Serg. 64, it was held that a count for services rendered by testator in his lifetime, as attorney for the defendant, might be joined with a count for services rendered by the executor in completing the business. The last three counts are substantially *inde-bitatus assumpsit;* and, after plea and issue, and two verdicts, if there was any thing defectively set out, it will be presumed to have been supplied by the testimony. That the record of this suit would be a full bar and entirely conclusive against all persons claiming on the bond, we think, upon careful reflection, must be admitted by lawyer, clerk, and layman. There is a verdict and judgment on the very point of its validity. Upon the issue joined of *non est factum,* there is a verdict and judgment in favour of the defendant, which effectually entombs the bond as to him, and as to all persons claiming as participants in the division of the estate of Abraham Barker. The administratrix was entitled to sue for the debt or duty, and she has recovered it on other counts. We cannot shut our eyes to substantial things before them. The superadded counts were introduced to cure the legal disability of the bond, which was created and occasioned by the defendant's act in the first instance, and made manifest by his careful preservation of old almanacs. The superadded counts were introduced for the purpose of going back on the original cause of action, leaving the bond thus admitted to be invalid as a bond out of the case, if the jury should find that it was executed on Sunday.

In the case of Wilson *v.* Jamison, decided at Pittsburgh at the last term, *(ante,* 126,) it was determined that an amendment of the *narr.* will be presumed in a court of error to have been made with the assent of the defendant, unless objection appears to have been made either by the record of the cause or by bill of exceptions. It is painful to us when gentlemen of such high character do not agree on any matter about the progression of a cause; but we can look only to the record, except by admission and agreement of the parties. No objection appears to have been taken on the record, or by bill of exception. It is contended, however, that the superadded counts are incompatible with the first count; but we perceive no such incompatibility. It has been often ruled that debt on specialty and counts on a simple contract may be joined: Van Deusen *v.* Blum, 18 Pick. 229; Eib *v.* Pindall, 5 Leigh, 109. The plea and the judgment may be the same, and,

in point of fact, several of the pleas in this case answered all the counts, and were good as to each—payment with leave, accord and satisfaction, and former recovery. It is not necessary that every possible plea should answer to each count. The main criterion as to the joinder of counts, is whether the judgment is such as can be entered on all; and that is the case in the present action on all the counts, *indebitatus* in debt and debt on the bond, if the verdict had been in the plaintiff's favour on all. As to the errors alleged to exist in the charge of the court, I am by no means satisfied that they ought to be considered by this court. The testimony is not returned, although it appears that a bill of exceptions was signed by the learned and distinguished judge who tried the cause, in which it is to be presumed the testimony was set out; and the evidence in the cause may have had a bearing on several of the errors assigned. The Chief Justice, in his charge, says that the evidence in the cause would support the action if the bond was out of the way; and he speaks of the evidence of Catharine Sanderson as proving acknowledgments by defendant of his liability, and also of a statement in writing by defendant, in which he acknowledged his liability. In the absence of all testimony furnished by bill of exceptions, or in any other way which can be recognised by this court, it is impossible to say that the experienced judge, who tried the cause, committed any error in referring to this statement, or relating in any manner to the evidence.

In relation to the error assigned, as to the statute of limitation, this court is of opinion that it ought not and cannot be permitted to disturb the judgment. The court do not utter a word in relation to the statute or its effect in the cause; and they were not requested to instruct the jury on that subject by the defendant. It has been so often determined by this court, that the mere omission to charge the jury upon a point that may legitimately exist in the pleadings and evidence, unless requested to do so, is not error, that I deem it altogether unnecessary to refer to cases on the subject. I may add, that I never saw, in the Court of Nisi Prius, any book or trial list furnished to the court, on which the pleas were entered; nor were the papers filed in the cause ever furnished to the court, when I was sitting there, unless specially called for. So that it follows not, from the plea being on the record, that the judge knew any thing of it. But, if he had known that it was there, unless insisted on at the trial, and his attention called to it by a request to instruct the jury on the subject, we cannot say there was error, because we do not know what the testimony was in

relation to those admissions spoken of by the court—when they were made, or their exact import. They may have been such as to obliterate effectually the plea of the statute ; and because pleas are often put on the record which are abandoned and not urged at the trial, we are not satisfied that there was any error in the instruction, in relation to the bond being good as an admission of a previous liability, although it was void as a bond if the jury found that it was executed and delivered on Sunday. It was void as a contract, because as a contract it would have been transacting worldly business on Sunday. But a man may acknowledge the truth on Sunday; and, if he does, I do not know any rule that would prevent its being given in evidence against him. If a man writes a letter on Sunday and sends it to his creditor, who gets it on Monday, or even takes it from the office on Sunday, I presume it would be competent evidence against the debtor. As a bond or contract, the suit is founded on it, and cannot be maintained, because it is against a public statute ; but, as an admission, it is only evidence of a previously existing liability. The suit is founded on the previous liability ; the admission is only evidence of the fact that defendant acknowledged that liability. The evidence of admissions of defendant, which are remarked upon by the judge, may have been entirely sufficient to establish the defendant's liability, independent of the bond. We cannot carry the law so far as to say, that the admission, of a previously existing debt, made on the Sabbath is not good.

There have been two verdicts for the plaintiff on the merits. The last before a judge of eminent ability and wisdom, accumulated by the experience of nearly half a century. We incline not to disturb the verdict, which seems to have had his full approbation, as he overruled the motion for a new trial, if we can sustain it. We think we can do so without violating the law. Exceptions, as to the pleadings, are not to be favoured beyond decided cases after a full hearing on the merits.

<div align="right">Judgment affirmed.</div>