Ranney, J.
The single question presented for the consideration of the court in this case is, can an administrator de bonis non, appointed upon the death of the first administrator, bring a suit upon his official bond, upon an allegation that money came into his hands for which he failed to account? Earns was the administrator of Clary, and before he had settled the estate, died. Blizzard was then appointed administrator de bonis non on the estate of Clary, and Filler administrator on the estate of Earns. The other defendants were Earns’ sureties. It is alleged that Earns failed properly to administer the estate, converted a part of the assets, and died hopelessly insolvent.
Without th.e aid of legislative provision, it is undeniably clear that no right of action arises in favor of the administrator de bonis non, cither against the representatives of the deceased administrator or the sureties in his official bond. The reason of this is found in the fact that he represents only the decedent, and is authorized to administer upon such of his goods only as have not been previously converted by some other representative (1) of the estate. To no other can he be made liable.
*JBut it is claimed that such legislation does exist, and we are referred to section 26 of the administration law (Swan’s Stat. 343, 344), as authorizing this bill. By that section it is enacted, that “an administrator appointed in place of an executor or administrator, who has resigned, been removed, or whose letters have been revolted, shall be entitled to the possession of all the personal effects and assets of the estate unadministered, and may maintain a suit against the former executor or administrator and his sureties on the administration bond, for the same, and for all damages arising from the maladministration or omissions of the former *409 executor or administrator, in the manner prescribed in the seventh part of this act.”
By section 189 of the same law, it is provided that a suit in ■chancery, “instead of a proceeding at law,” may be instituted by any person interested in an estate upon the executor’s or administrator’s bond. Earns did not resign, nor was he removed, or his letters of administration revolted. This caséis not, therefore, within the terms of the act referred to; and unless this court are authorized to add to the section, this case can not be brought within its provisions. The three sections of the law preceding the one cited, provide in what cases the administrator may be removed, and for what his letters may be revoked, as well as for the appointment of an administrator de bonis non, in the event of his death ; but the case of death is manifestly, designedly, left out of the section allowing the second administrator to sue upon the bond of the first. This leaves the matter in that case as it stood at common law, and there it is well settled that he could not maintain an action. If it is desirable that cases like this should be brought within such a remedy, the power is with the general assembly, but without legislation can not be applied by this court. We are referred to the eases of the Commonwealth v. Sfcrobocker, Drenkle v. Shannon, and Weld v. McClure, all in 9 Watts, 479, 485, 495, as sustaining the positions of the complainant’s counsel. The first of these was the case of a /dismissed administrator, and was decided upon a statute of the *State of Pennsylvania, very similar to our own. The general doctrine is explicitly recognized by the judge delivering the opinion, that without such legislation the proceeding could not be maintained.
The case of Drenkle v. Shannon was also decided upon section 31 of a law of that state, passed in 1834, which provided that “ administrators de bonis non, with or without a will anñexed, shall have power to demand and recover from their predecessors in the administration, or their legal representatives,” etc. This section differs from our statute in extending to all administrators de bonis non, and expressly provides for proceedings against the legal representatives of a deceased administrator. The judge says: “The object of this section was to change the common law in respect to the matters therein provided for ;” and further, he says : “Every one acquainted with the law as it stood before the passage of the act, must be sensible of the embarrassment that arose with *410 creditors, legatees, and distributees of the deceased persons, in relation to having the respective claims adjusted and paid, from the circumstance of their being compelled to look to various sources and different persons, in some instances, for that purpose.” Hero again the common-law rule is acknowledged, and the decision placed upon a statute with which we have none to correspond.
The case of Weld v. McClure was the case of a dismissed administrator. Sergeant., J., in delivering the opinion, says• “The incapacity under which an administrator de bonis non labored previous to the act of February 24, 1834 (the one referred to in the last case), to recover the assets in the hands of the representatives of a prior executor or administrator who had died, arose from the want of title to the property of the decedent not remaining in specie. That reason does not apply in the case of a dismissed executor or administrator, because section 3 of the act of April 4, 1797, expressly gives to the successor the administration of the unadministered part of the estate, and directs that the dismissed party ^surrender up the residue of the estate.” Our law is the same, in effect, as this law of 1797, but we have no provision corresponding to the act of 1834. Without it we have tha authority of this case for saying that it would be governed by the common law, and no action could be maintained. The fact that no objection to the jurisdiction is taken, can have no weight in this case. We do not decide it upon the ground that the remedy is at law, but upon the ground that no remedy in favor of the present plaintiff exists either at law or in chancery. The bill must be dismissed.

 7 Ohio, 270.