## Gilliland, Executor &c., of Hutchman *versus* Bredin.

63    393
19 SC ¹574
19 SC ⁰574

63    393
32 SC ⁵510
33 SC ⁷ 66

63   393
227 ⁰456
e227 ⁰458

1. A legacy can be sued for in the Common Pleas by Act of February 24th 1834, § 50.

2. The opening of a judgment will not be inquired into on a writ of error.

3. It is only when a legacy is charged on real estate and the purpose is to enforce the charge that the jurisdiction of the Orphans' Court is exclusive.

4. In opening a judgment by default the court has the right to prescribe terms.

5. M. bequeathed to B. $100, " if she shall continue under the direction of my husband J. till she comes of age." She gave some other legacies, and then gave the whole residue to J., and appointed him executor; he took out letters testamentary, possessed himself of the whole estate and died leaving an executor. *Held*, that B. could not maintain a suit for her legacy against the executor of J.

6. The legacy to B. was contingent, and she could not recover it without performing the condition.

7. When the contingency is attached to the legacy, and not merely to the payment, the legacy itself is contingent.

8. A legacy which does not vest until a condition be performed, is not affected by the want of a bequest over.

9. If such legacy does not vest it goes into the residue.

November 23d 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Lawrence county:* No. 77, to October and November Term 1869.

This was an action of debt commenced, August 2d 1860, by Maria Bredin against Robert Gilliland and Joseph Morrison, executors, &c., of Josiah Hutchman, deceased. The action was for a legacy under the will of Margaret A. Hutchman, the wife of Josiah Hutchman, the above-named decedent. The will of Mrs. Hutchman was dated April 2d 1849, and directed amongst other things as follows:—

" It is my will that if Esther Maria Bredin shall continue under the direction of my husband, Josiah Hutchman, until she arrives at the age of twenty-one years, she shall receive the sum of one hundred dollars." * * * " The whole residue of all my estate of every kind or description, I will and bequeath to my well beloved husband, Josiah Hutchman, and I hereby constitute and appoint him the sole executor of this my last will and testament, &c."

Esther Maria Bredin is the plaintiff in this suit.

On the 7th of June 1861, on motion of the plaintiff's attorney, the court directed judgment for the plaintiff for default of appearance, the prothonotary to liquidate the damages; they were assessed June 22d, at $210.66.

On the 10th of January 1865 the court granted a rule to show cause why the judgment should not be opened, which on the 28th of June 1867 was made absolute, " the plaintiff to file a declaration

within ten days—the defendant to plead and put the case to issue within five days thereafter. The case now directed to be put down for trial at September term next and to be tried without delay or continuance. The lien of the judgment to continue and no objection to be taken to the form of action or jurisdiction of the court."

The plaintiff declared in debt against Gilliland as executor of Hutchman's will, for the legacy under Mrs. Hutchman's will. The defendant, amongst other pleas, pleaded " nil debet, payment and payment with leave, &c."

He pleaded also that the plaintiff did not continue under the direction of Hutchman till she came of age, &c.; also that Hutchman had only the estate of Mrs. Hutchman in his hands as her executor, and never became liable to pay her legacy, &c.; also, that the declaration was " against an executor of an executor."

He demurred also for the same reason as the last plea.

One of the plaintiff's replications was :—

" That she did remain under the direction of the said Josiah Hutchman so far as in her power, that when she was but about seventeen years of age said Josiah Hutchman was taken sick and on some time prior to his death he did not assume the direction or control of said plaintiff—that he, the said Josiah Hutchman, had left his home for medical treatment and remained away from home a long time; that when said plaintiff was between eighteen and nineteen years of age he, the said Josiah Hutchman, died, making it altogether impossible for said plaintiff to remain under his direction until she was twenty-one years of age. That her parents, both father and mother, were living, and by the laws of God and man her guardians and to whom she owed obedience, all of which the said Mrs. Hutchman well knew at the time she made her will."

She also replied that Hutchman was residuary legatee as well as executor and took possession of all the decedent's estate; that he never filed an inventory or settled an account.

On the trial before McGoffin, P. J., it appeared that letters testamentary were granted to Hutchman, the executor, who took possession of all the estate, but never filed an inventory. Hutchman afterwards married a second time. There was evidence that the plaintiff in 1854, when she was about eighteen years of age and after the second marriage of Mr. Hutchman, left his residence during his absence from home; stating that she left because she she was going to be married, and because she and Mrs. Hutchman did not agree.

The defendant requested the court to instruct the jury :—

1. That the plaintiff cannot recover against the executor on the first count in the declaration because therein she claims to charge him as the executor of an executor.

[Gilliland v. Bredin.]

4. That if she (plaintiff) did not comply with and perform the condition of the will, she is not entitled to the legacy, and cannot recover on the first count in the declaration.

5. That by the plaintiff's replication she has driven herself into the Orphans' Court for her remedy, if she has any, and cannot recover in this Court of Common Pleas.

The court answered :—

"1. The answer to this depends on the fact as to whether Mr. Hutchman in his lifetime, or Mr. Gilliland as his executor, appropriated the estate to their own use or the use of the estate of Mr. Hutchman. In that case it would become an ordinary debt of Hutchman, and his executor would have to account for it as any other debt, Mr. Gilliland not being held as trustee himself in any way. This has reference to the legacy bequeathed by Mrs. Hutchman.

"4. We answer this point in the negative, and we hold and so instruct you that inasmuch as this is a devise of personal property and the non-performance of the condition would not defeat the vesting of the right to recover, inasmuch as there is no limitation over, nor under its provisions does it pass into the devise of the residue of the estate—there being no provision that it shall so become a part thereof.

"5. This point we *pro forma* answer in the negative, and instruct you that the plaintiff need not originate her proceedings in the Orphans' Court, reserving the question for decision hereafter, as to whether the remedy is in the Orphans' Court."

The jury found for the plaintiff for $337.08.

The court afterwards entered judgment on the verdict on the reserved point.

The defendant took out a writ of error and assigned for error, that the court erred :

In opening the judgment on the terms that the defendant should take no objection to the jurisdiction or form of action; in deciding that the defendant had waived objecting by accepting the terms and going to trial; in the answers to the points and entering judgment on the reserved question.

*D. Craig & R. Gilliland*, for plaintiff in error.—The suit cannot be maintained as being against the executor of an executor: Act of March 15th 1832, § 19, Pamph. L. 136, Purd. 275, pl. 16; Waterman v. Ellis, 4 Casey 264; Field's Appeal, 12 Id. 11. The legacy did not become a debt of Hutchman: Gallagher's Appeal, 12 Wright 121; Becker v. Kehr, 13 Id. 223. The condition was not *in terrorem*: Cornell v. Lovett, 11 Casey 100; Conard's Appeal, 9 Id. 47; Ashford v. Ewing, 1 Id. 213. The legatee's remedy was in the Orphans' Court: Shollenberger's Appeal, 9 Harris 342; McKee v. Sandford, 1 Casey 105; Mills v. Common-

[Gilliland *v.* Bredin.]

wealth, 1 Harris 630.   Want of jurisdiction may be taken advantage of at any stage of the cause: Black *v.* Black, 10 Casey 354.

*J. McMichael & R. B. McComb*, for defendant in error:—The court had no power to open a judgment that had been standing for nearly four years: Commonwealth *v.* Mayloy, 7 P. F. Smith 291; Mathers *v.* Patterson, 9 Casey 485; Stevens *v.* Cowan, 6 Watts 511; Catlin *v.* Robinson, 2 Id. 373; Huston *v.* Mitchell, 14 S. & R. 307.

Mr. Hutchman took into his own hands and converted to his own use all the estate of his first wife.   This made his executors liable in debt for the legacies: Clark *v.* Herring, 5 Binn. 33; Doebler *v.* Snavely, 5 Watts 225; Waterman *v.* Ellis, 4 Casey 264.

The condition contained in the bequest of Margaret A. Hutchman must be held as *in terrorem* and cannot defeat the legacy; 1 Story, Eq. Jur. Pru., §§ 287, 289, 290; Hoopes *v.* Dundas, 10 Barr 75.

The opinion of the court was delivered, January 3d 1870, by

AGNEW, J.—That a legacy can be sued for in the Common Pleas, is a matter of express legislation.   Act 24th February 1834, § 50.   The mode of proceeding is regulated by the six sections following: On a plea of want of assets, the case goes into the Orphans' Court, for an account, the action of the Common Pleas being, meanwhile, suspended.   It is only when the legacy is charged on real estate, and the purpose is to enforce the charge, the jurisdiction of the Orphans' Court is exclusive.   The opening of the judgment will not be inquired into upon this writ of error. It may be remarked, however, that the judgment was by default, and not on trial and verdict.   The plaintiff in error cannot complain of the terms on which the judgment was opened.   The Court of Common Pleas having jurisdiction for the recovery of legacies, there was no apparent want of jurisdiction in the record. It did not appear that the plaintiff sought to charge real estate. The court was, therefore, not precluded from prescribing terms.

But there are two grounds fatal to the plaintiff's right of recovery.   First. The executor of an executor cannot be sued for a legacy under the will of the first testator: Act 15th of March 1832, § 19, Purdon 275, pl. 16.   After this came the 31st section of the Act of 24th February 1834, Purdon 287, pl. 95, vesting in the administrator, *de bonis non*, the power to recover the assets from any predecessors in the administration of the estate.   Many decisions under this section maintained that no action for assets can be brought, except by the administrator, *de bonis non*, with or without the will annexed, as the case may be: 9 Watts 479; 7 Barr 315; 6 Harris 313; 7 Harris 201; 11 Harris 164; 4 Casey 264.

[Gilliland *v.* Bredin.]

The second objection to recovery is, that the legacy under Mrs. Hutchman's will was contingent—depending on a condition precedent, before it could vest.   The clause in her will reads thus: "It is my will that if Esther Maria Bredin shall continue under the direction of my husband, Josiah Hutchman, until she arrives at the age of twenty-one years, she shall receive the sum of $100." The condition was inseparably connected with the gift of the legacy, and not merely its payment.   The right to it depends upon living out the prescribed time, under the direction of the husband.   The legatee was a mere dependant, and the testatrix may have had good reasons for the condition.   The interests of her husband may have been the consideration of the bequest, or it might be the interests of the legatee, to preserve her in a course of good conduct.   There are numerous authorities, that where the contingency is attached to the legacy itself, and not merely its payment, the legacy itself is contingent: Lamb *v.* Lamb, 8 Watts 184; Moore *v.* Smith, 9 Watts 403; Seibert's Appeal, 1 Harris 503.   The legacy not vesting until the condition had been performed, the want of a bequest over makes no difference.   It becomes merged in the residue, if it never vests.

Judgment reversed, and a *venire facias de novo* awarded.