*First Judicial District.*

In the Orphans' Court of Philadelphia.

## *In re* ESTATE OF PATRICK BRADLEY, *dec'd.*

The orphans' court cannot, upon petition of the administrator *d. b. n.*, grant a citation upon the removed administrator to *forthwith* hand over all properties of the estate. It may compel him to file an account.

Opinion delivered June 14, 1873, by

ALLISON, P. J. The citation in this case, was granted on the application of the administrator *de bonis non* to show cause why James Bradley and Robert Soltz, to whom administration had been granted, but whose letters had been revoked, should not file an account of their administration of said estate, and forthwith hand over and deliver to the present administrator, all the moneys and other property belonging to said estate.

The inventory shows that property to the amount of $3,596.54, was received by the discharged administrators, which it is their duty to account for, and pay over to their successor in office, without unreasonable delay ; but the question is, have the court the power to direct this to be done before a settlement of their accounts, and can this duty be enforced in the manner here prayed for ; by order and by attachment in default of obedience to the same.

It was the duty of the register before granting letters to the discharged administrators to require adequate security from them, for the proper performance of the duties of their office ; and in the absence of proof to the contrary, or even an allegation that this has not been done, we are to presume that the register has seen to it, that no harm can fall upon the estate, for want of that protection which it was obligatory upon him to obtain from the administrators first appointed.

The act of February 24, 1834, sec. 31, provides that "administrators *de bonis non,* with or without a will annexed, shall have power to demand and recover from their predecessors in the administration, or their legal representatives, all moneys, goods, and assets remaining in their hands, due and belonging to the estate of the decedent, and to commence and prosecute actions upon promises made to such predecessors in their representative character, and to sue forth and defend writs of error, writs of scire facias, and writs of execution upon judgments, obtained by or in the name of the executors or administrators into whose place they may have come, and also to proceed with and perfect all unexecuted executions, which may have been issued thereon at the instance of such predecessors : *Provided,* That when any suits shall have been brought by an administrator *de bonis non* for the recovery of moneys, goods or assets, remaining in the hands of his predecessors or their legal representatives, before they shall have settled their final administration account, the court in which

such action shall be brought, shall have power to stay the proceedings therein, on the defendants filing such account in the register's office of the proper county, twenty days previous to the term next succeeding that to which the writ was returnable, until said account shall have been finally settled and adjusted; and on the production of a certified copy of said account, so settled and adjusted, the court in which such suit shall be pending is hereby authorized and required to render judgment for the balance, which shall thereby appear to be due to either party."

But this act, upon which the petitioner relies in support of this application, will, upon examination, be found to be wholly wanting in the element of power conferred upon the court, to coerce by summary process, the handing over of the assets of this estate, shown by the inventory to be in the hands of those who had wrongfully obtruded themselves into the administration. Administrators *de bonis non* may demand and recover from their predecessors in the administration, or their legal representatives, all moneys, goods and assets of the estates, which are in their hands, but this demand is a legal demand, by an account or by suit; for it is not demand only, but recovery which is provided for in the act. The following portion of the section looks wholly to proceedings by action by scire facias and writs of execution; and to the court is given the power to stay actions, brought by an administrator *de bonis non*, against his predecessors, before they shall have settled their final account, and upon such settlement, to render judgment for the balance which shall thereof appear to be due to either party. This is its entire scope and purpose.

Nor do the authorities relied upon by the petitioner, in our judgment, sustain the position assumed by him. Neld *v.* McClure, 9 Watts 495, decides, no more, than that an administrator *de bonis non* may maintain an action against the administrators of a deceased executor, who had resigned his executorship, and recover the balance of the estate remaining in his hands. The act of February 24, 1834, above cited, was held to give the authority to sue. The court say it was the duty of the executor, who was allowed to resign his office, with an admitted balance in his hands, to have paid it over to his successor instanter, and then add, "that as it was the executor's duty to pay the balance, *an action* lies to recover it; that is, the duty may be enforced by action brought by the administrator *de bonis non*." There is nothing here, which gives the right to the orphans' court, to proceed by a peremptory order, to direct the handing over the assets of the estate by the discharged executor.

Drenkle *v.* Sharman, 9 Watts, 485, holds simply to the duty of a judgment creditor, to proceed by scire facias against the administrator *de bonis non*, of the original debtor, who is bound to collect the assets of the estate, which remained in the hands of the first administrator, and apply them to the payment of his debts. And in Commonwealth *v.* Strohecker. 9 Watts, 479, the decision is, that an administrator *de bonis non*, can alone maintain *an action* to recover the assets of an estate, remaining in the hands of a deceased administrator.

In no one of these cases, was it contended, that the court had power upon petition of the administrator *de bonis non,* to order the predecessor in the administration to pay over the balance of the estate in his hands. The duty to pay over is firmly maintained, and the right to enforce that duty *by suit* is clearly recognized.

Under the act of March 29th, 1832, relating to delinquent executors, administrators or guardians, the power is given to the court to direct payment of the goods and chattels of an estate, in the hands of one dismissed from his office, for the causes therein mentioned, to his successor. This may also be done, under the act of May 1st, 1861, where an executor, etc., is wasting and mismanaging the estate, but in the case before us, we find ourselves without the power to deal with the superseded administrators by order to pay over, and can grant no more of the prayer of the petition than that which asks for an account, which is ordered to be filed within one week from this date.

*Daniel Dougherty,* Esq., for petitioner; *W. H. Ruddiman,* Esq., contra.