## Hill's Estate.

*Executors and administrators—Administrator d. b. n.—Fraud—Distribution.*

Where the assets of an estate of a decedent were misappropriated by an insolvent deceased administrator, and a suit begun at the instance of an administrator d. b. n., is pending against the sureties on the bond of the insolvent deceased administrator, the orphans' court cannot direct that the balance for which the deceased administrator and his surety are liable shall be awarded to the guardian of the heir of the decedent, rather than to the administrator d. b. n., particularly where the guardian and the administrator is the same person and demands that the award be to him as administrator. The award should be made to the latter in order to enable him to continue the pending litigation; otherwise the collection of the money might be imperiled, if not defeated.

Argued Nov. 13, 1906. Appeal, No. 225, Oct. T., 1905, by William C. Whiteside, Administrator d. b. n. of Mary Hill and Winfield S. Hill, from decree of O. C. Lancaster Co., Feb. T., 1902, No. 72, dismissing exceptions to adjudication in Estate of Mary C. Hill and Winfield S. Hill, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Decree modified.

Exceptions to adjudication.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*B. F. Davis*, for appellant.—The award was erroneous : Cake's Estate, 157 Pa. 457; Little v. Walton, 23 Pa. 164; King v. Devoe, 6 Phila. 551 ; Com. v. Strohecker, 9 Watts, 479; Carter v. Trueman, 7 Pa. 315.

*H. Frank Eshleman*, for appellee, cited : Garman's Est., 211 Pa. 264.

OPINION BY RICE, P. J., February 25, 1907 :

Mary C. Hill and Winfield S. Hill, from the distribution of

whose estates this appeal was taken, died in January, 1892. John T. Hill inherited the estates of both. E. A. Brown, who was appointed administrator of both estates, had them inventoried and administered upon them as one, and on November 3, 1901, filed his first and final account. Exceptions were filed, and in due course the orphans' court disposed of them by its decree of May 8, 1902, in which the balance due from the administrator was finally determined to be "$3,219.53 together with interest which has since accrued." A very large part of this balance consisted of loans which E. A. Brown as administrator had made of the assets of the estates.

E. A. Brown died shortly after the account was filed and on March 8, 1902, W. C. Whiteside was granted letters of administration d. b. n. upon the estates of Mary C. Hill and Winfield S. Hill, and on January 19, 1902 was also appointed guardian of John T. Hill, under the Act of June 25, 1895, P. L. 300, passed for the protection of persons unable to care for their own property.

To August term, 1903, W. C. Whiteside as administrator d. b. n. brought two suits in the common pleas against the administrators c. t. a. of Samuel Fite, deceased, who was surety on the two administration bonds given by E. A. Brown, to recover the unpaid balance of the sum ascertained to be due by the decree of May, 1902, it being alleged in the statement of claim, and admitted on the trial, that E. A. Brown died insolvent and nothing could be collected from his estate. The trial of these cases resulted in a verdict on January 30, 1905, assessing the plaintiff's damages in each case at $531.38— $1,062.76 in the aggregate, this being the sum unpaid after crediting certain payments that had been made in the meantime to W. C. Whiteside, either as administrator or as guardian. Upon the application of the defendant's counsel, who were also counsel for Davis Brown, administrator of the estate of E. A. Brown, a rule was granted to show cause why a new trial should not be had, which subsequently was discharged; but later a rule was granted to show cause why a reargument of the rule for new trial should not be had. It is stated by counsel on both sides that the disposition of this rule has been suspended until the determination of the proceedings in the orphans' court, and of this appeal.

On May 11, 1905 Davis Brown petitioned the orphans' court to make distribution of the sum ascertained to be due from E. A. Brown by the decree of May, 1902. Pursuant to this petition the audit came on before the orphans' court from which this appeal arises. At that hearing the counsel of Davis Brown, administrator of E. A. Brown, deceased, and of the administrators of Samuel Fite, deceased—who it will be remembered was the surety on the administration bonds of E. A. Brown—asked that the balance, after awarding the collateral inheritance tax thereon to the register, should be awarded to John T. Hill, or his committee for him. Counsel for W. C. Whiteside objected that the purpose of the proceeding was really to relieve the estate of the surety on the administration bond, and that if the decree was made as above suggested it would have that effect, at least so far as his real estate is concerned. The court awarded the balance directly to Wm. C. Whiteside, guardian of John T. Hill, instead of to Wm. C. Whiteside, administrator d. b. n. of the estates of the decedents. The exceptions of Wm. C. Whiteside, administrator d. b. n., alleged error, inter alia, in awarding the balance to him as guardian and not awarding it to him as administrator d. b. n. The court overruled the exceptions, and from the decree confirming the adjudication this appeal comes.

It is provided in the 31st section of the Act of February 24, 1834, P. L. 70, as follows : " Administrators de bonis non, with or without a will annexed, shall have power to demand and recover from their predecessors in the administration, or their legal representatives, all moneys, goods and assets remaining in their hands due and belonging to the estate of the decedent, and to commence and prosecute actions upon promises made to such predecessors in their representative character, and to sue forth and defend writs of error, writs of scire facias and writs of execution upon judgments, obtained by or in the name of the executors or administrators into whose place they may have come, and also to proceed with and perfect all unexecuted executions, which may have been issued thereon at the instance of such predecessors." Many early decisions under this section maintained that no action for assets could be brought, except by the administrator d. b. n. with or without the will annexed, as the case might be. See Gilliland v. Bredin, 63

Pa. 393 and cases there cited. It was distinctly ruled in Carter v. Trueman, 7 Pa. 315, where this section of the act of 1834 was directly under consideration, as follows: " In this there is neither exception to nor restriction of the power of the substituted administrator, nor anything to point to a distinction, in this particular, between assets unincumbered and those which may be applicable in payment of debts. In the cases ruled upon the statute, the second administrator is, accordingly, treated as standing, indifferently, in the place of creditors and distributees. It follows that the representative of the deceased administrator cannot set up the nonexistence of debts to defeat the statutory right of the successor to demand and recover from the former all moneys, goods, and assets, due and belonging to the estate of the decedent." And in Commonwealth v. Strohecker, 9 Watts, 479, the right of the administrator d. b. n. to sue the sureties of his predecessor for the balance due on the administration account seems to be recognized. But it is claimed that this case is ruled by Garman's Estate, 211 Pa. 264, wherein the point decided is thus stated in the syllabus: In proceedings on the account of the administrator of a deceased executrix where it appears that the indebtedness of the testator has been paid and there are no debtors to or claimants against the estate, distribution may be made directly to the legatees instead of to an administrator de bonis non cum testamento annexo. In that case, it will be noticed, the money was ready to be paid over to the parties beneficially interested and nothing further remained to be done. They insisted that it was unnecessary to subject the fund thus ready to be paid into their hands to the expense and delay which would be incident to payment of it to the administrator d. b. n. and to distribution to be made by him. It was a plain case for conforming to their wishes unless the words of the act forbade. Justice ELKIN shows quite clearly that such construction of the act as the administrator d. b. n. there contended for would accomplish a result which it was inconceivable that the legislature intended, and therefore the decree of the orphans' court passing him by and distributing the money directly to the legatees was affirmed. The parallel between that case and this consists simply in the fact that there are no debts of the decedents, Mary C. Hill and Winfield S. Hill, to be paid. There the

parallel ends. The money represented by the verdict in the common pleas is not actually in the hands of the administrator of E. A. Brown, the deceased administrator of their estates. E. A. Brown died insolvent and without property and the only recourse is upon his administration bonds. We see no reason to doubt the authority of Wm. C. Whiteside, administrator d. b. n., to bring suit against the estate of the deceased surety therein. He was thus proceeding to collect the assets found to have been in the hands of his predecessor, and had carried the suit so far that it was ripe for judgment when the petition for the adjudication was presented by Davis A. Brown, administrator of E. A. Brown, deceased. It is argued with great force that the insolvency of E. A. Brown's estate, the fact that there are no assets actually in the hands of his administrator with which to satisfy the unpaid balance represented by the verdict in the common pleas, the fact that one surety on his bond died years ago and his estate has been settled and distributed, the danger that a new suit, if now brought by Wm. C. Whiteside, guardian against the estate of Samuel Fite, his cosurety, would be ineffectual by reason of the fact that he died in 1902, are special reasons why no action should be taken to hinder, delay and possibly defeat the effort, thus far successful, which has been made for the collection of the money. The effect of the decree now under review is simply to determine how the fund is to be paid when it is collected. It is to the manifest interest and advantage of the person to whom the fund will eventually go when collected that the decree should be in accordance with the demand of the administrator d. b. n. If the guardian of John T. Hill were another person and joined with the administrator d. b. n. in this demand, we fail to see upon what ground the administrator of E. A. Brown, or the administrators of the deceased surety on the administration bond of E. A. Brown, could be heard to oppose such demand or to insist that the decree should be made in such a way as to imperil, if not defeat, the collection of the money. The fact that the same person is both administrator d. b. n. of the estates of the decedents, and guardian of the heir, can make no difference to those opposing his demand. The case being within the letter of the statute, and special reasons being shown why the letter of the statute should be followed, and it not appear-

ing that any person will be wronged, we think the learned judge was in error in holding that he was bound to award the balance differently from what the only person immediately interested in the distribution demanded by his exceptions; and we cannot see that he was precluded from filing the exceptions by anything that occurred at the audit. There is a substantial reason for not going by the administrator d. b. n. and awarding the balance to the guardian of the heir, for there is a duty of the administrator to perform, namely, collect the money, which was not the case in Garman's estate.

The decree is modified and amended by substituting as distributee Wm. C. Whiteside, administrator d. b. n. of the estates of Mary C. Hill and Winfield S. Hill, deceased, for Wm. C. Whiteside, guardian of John T. Hill, and as thus modified and amended, is affirmed, the costs of this appeal to be paid by Davis A. Brown, administrator of the estate of E. A. Brown, deceased.