## WHEATLY *v.* BADGER.

Where testator appoints A. his executor and trustee, and directs him, the said A. " my executor and trustee," to do certain acts, the offices of executor and trustee are vested in him distinctly; and the acts appertaining to each office are to be performed by him in the respective capacity. The trust, in such case, is in *A nominatim,* and not *virtute officii,* and hence the Orphans' Court has not jurisdiction over the trust.

APPEAL from the Orphans' Court of Bucks.

*March* 28. Petition for the conveyance of the legal estate to the *cestui que trust,* devisee of Bela Badger. The only question raised was the jurisdiction of the court, and that depended on the question whether the trust was in the executor *virtute officii* or not.

The material clauses of the will were as follows: a direction to pay debts " by my executor and trustee hereinafter named;" some legacies were then given—" Item, I do constitute S. Badger to be the sole executor of this, my last will and testament, and the trustee of my estate, and request him to make payment of the above legacies; Item, I do give and devise all my estate, real and personal, to my said executor and trustee, S. Badger, and his executors, administrators and assigns, in trust . . . . that he the said S. Badger, my executor and trustee, shall make a just and fair division of my said estate, and that he shall give and convey," &c.; " I do authorize my said executor and trustee to sell, mortgage, convey, or assign such parts of my said real and personal estate as

he shall deem beneficial," and if, at the time appointed for the division, the *cestuis que trust* agree with "my said executor and trustee," that instead of dividing the same, it will be more beneficial to sell, "then my said executor shall have power to sell and convey."

KRAUSE, P. J., dismissed the petition for the following reasons. This office of the trust is to be executed by the "said Samuel Badger, my executor and trustee;" and it cannot well be doubted that, if he had refused before the register to take letters testamentary, his competency to execute said office would have continued unimpaired, it not being annexed to that of executor, as is the duty of seeing to assets, and paying debts and legacies. Taking the legal title for devisees, making partition between them, and vesting in them the fee by proper assurances, are not duties that devolve on the executor by operation of law, but may be performed by any one whom the testator may appoint for that purpose. And when he appoints the person by his proper *name*, whom he also makes the executor of his will, the trust is given *nominatim*, and continues, though he refuse the office of executor; Ebert and Barnitz's Appeal, 9 Watts, 300. Necessarily, it is not vested *ratione officii* in the executor; and, in such case, the jurisdiction of the trust is in the Common Pleas. Here, Samuel Badger is made trustee by name, and it can make no difference that his name and the titles of his several offices are coupled, when his duties are assigned him in the will, that being done merely for further description of the person intended. Besides, holding that to be of importance, in reference to this will, must lead to confusion, instead of a clear construction; since, in the event of an agreement to that effect, between him and the devisees, on the 1st of March, 1845, the estate is to be sold by the "executor" simply, both the name of Samuel Badger and the title of trustee being there dropped. To this the case of Rachel Stuart's Will, 1 Watts & Serg. 288, may be added, which is similar in describing the trustee, who is not amenable to the Orphans' Court as executor. That testatrix gave to her son, William Johnson, her estate in trust, for the separate use of her daughter, El. Baird, and authorized him, "*as executor*," to sell it, and put the proceeds "to interest for the uses aforesaid." E. Baird was the only beneficiary named in this clause, and the only use expressed was for her; yet, on this clause, the subsequent part of the will, which gives the estate over to her children in fee, being excluded from the consideration of the court, it is held that the trust was not annexed to the office of executor, though the

person to convert the estate is so described, but was vested in William Johnson, *nominatim.* Consequently, the Common Pleas had jurisdiction of the case. The word "executor" is of course but *descriptio personæ*, the more pointedly to designate the trustee appointed as such. It follows that here the petitioner must seek relief in the Common Pleas, and the citation must be dismissed.

*G. B. Browne*, for appellant.—The cases of trusts in executors, either by the words of the will, or by operation of law, are excepted out of the jurisdiction of the Common Pleas, by the act of 1836. The two functions are blended in this will, and the estate is not to him in fee, but to his executors. The power to sell is also given to him as *executor*, as well as trustee.

*Badger*, contrà.—The answer to the inquiry whether a dismissal from the office of executor would remove him as trustee, solves this question. It is settled, in this state, that the office of trustee and executor cannot be blended together; Aston's Estate, 5 Whart. 288; for they are essentially distinct; Baird's Case, 1 Watts & Serg. 288. It is very clear that the trusteeship is not given to him under the name of executor, but *nominatim*, and this has been uniformly recognised as the distinction.

*April* 24. GIBSON, C. J.—It follows not that, because a trust has been created by will, it is cognisable in the Orphans' Court. To give it that quality, it must be annexed to the office, and not to the person of the executor; it must be committed to him *quasi* executor, and performed *virtute officii.* Was it so here? "I do constitute and appoint my brother, Samuel Badger," said the testator, "to be the sole executor of this, my last will and testament, and the trustee of my estate, and request him to make payment of the above legacies." He then devised to his "executor and trustee, Samuel Badger," all his estate, real and personal, in trust to improve it, erect buildings, make repairs, lease or sell such parts of it as he might think advisable, pay expenses from the profits, discharge debts and encumbrances, and, at an appointed or convenient time, divide and distribute the whole among particular persons, and in particular proportions. The constituting clause, however, is that which gives tone to the rest. The person who was appointed executor was, with the same breath, appointed a trustee for purposes not within the range of an executor's ordinary duties; and distinct offices were united in the same person, which, however, have no natural connection, and are easily separable. Had the

trust been committed to the executor designated as the trustee, by his official title, and not by name, that would have been impossible; but the only difficulty in the way, at present, is, that the same Samuel Badger who was directed as executor and trustee to pay the legacies, a strictly administrative duty, was directed as executor and trustee to do acts exclusively of a fiduciary nature. It would be as absurd for a trustee to attempt the duties of an executor, as for an executor to attempt the duties of a trustee, and it is therefore the business of the court to separate the two offices, in a question like the present, *reddendo singula singulis.* As executor, he was to pay the legacies; as trustee, he was the devisee and depositary of the legal title for the accomplishment of confidential purposes, with which the office of an executor has no necessary connection. Had not the creation of the two offices in the same person been coupled also in the same clause, there would not have been a doubt of their severance in the contemplation of the testator; the will would have presented the union of distinct rights in the same person, which are always treated as if they existed in different persons. Perhaps the only case in which there is an inseparable union, is where the trust is given to the executor by the style of his office, and not by his name; where it is given to the officer, and not to the man. Had the testator intended to blend the two offices, it would have been unnecessary to say any thing about a trustee, for his object would have been gained by appointing an executor, and devolving the trust upon him. He evidently knew that there is a distinction between the proper acts of an executor and those of a trustee, and seems to have been determined to preserve it, which is all that was necessary to confer jurisdiction on the Common Pleas.

Decree affirmed.