Julius B. Luckenbach, Appellant, *v.* Anna L. Lucken-
bach, Executrix of Edwin R. Luckenbach and Maria
A. Bender, Administratrix of Maria Luckenbach.

*Will—Provision for widow—Direction to sell—Creditor of legatee.*

By the terms of the testator's will his widow was to have the income of
his real estate, and " if it should prove at any time during her life that
she should find it necessary or more convenient to make sale thereof for
her maintenance and well keeping " the executors were directed to sell,.
and the income of the proceeds or the capital if necessary was to be em-
ployed for her benefit, maintenance and comfort. A creditor of the widow
claimed that the widow had directed the executor to sell the real estate,.
but that before it was sold the widow died. *Held*, (1) that the widow
had the option to determine the style of her living, and the necessity of
sale ; (2) that her exercise of the option was complete by a direction to·
the executor to sell ; (3) that while the direction to sell was revocable by
the widow, it was not revoked merely by her death ; (4) that no delay on·
the part of the executor could change the rights of the widow or those of·
others which depended on them ; (5) that the creditor had the right to have·
the fact determined whether the widow exercised her power under the·
will to direct a sale, and did not revoke it ; (6) that if it should be deter-
mined that the executor was directed to sell, and that this direction had
not been revoked, the executor could sell the real estate, and bring
the proceeds into court to meet the creditor's claim, with the same effect
as if done in the widow's lifetime.

Argued March 11, 1896. Appeal, No. 265, Jan. T., 1896, by
plaintiff, from decree of O. C. Northampton Co., dismissing
petition to sell real estate. Before STERRETT, C. J., GREEN,
WILLIAMS, MITCHELL and FELL, JJ. Reversed.

Petition to sell real estate.

The petition of Julius B. Luckenbach represented:

1. That in pursuance of a written contract made between your petitioner and his mother, Maria Luckenbach, he cared for, kept and maintained her during the whole period of her lifetime which covered her widowhood, to wit: From the death of her husband, George Luckenbach, November 4, 1878, to her death October 4, 1892, making thirteen years and eleven months, at rate of $4.50 per week, which contract is set forth hereinafter.

2. That said Maria Luckenbach, having died as aforesaid, and her son, Edwin R. Luckenbach, having administered upon her estate, your petitioner began an action against said administrator for the recovery of compensation for the maintenance and support of his mother, to wit: No. 32, December term, 1892, in the court of common pleas of Northampton county, and on May 18, 1893, recovered a verdict against said administrator for $3,358.75 and costs of suits.

3. That your petitioner is informed and believes that said Maria Luckenbach left no assets, except some little furniture not exceeding in value $50.00, and that there is no property coming to said administrator, and belonging to said decedent in her own right, of which the said sum of $3,358.75 and costs, or any part thereof, can be paid.

4. That there are, however, assets of the estate of George Luckenbach, husband of said Maria Luckenbach, out of which the said judgment and costs can be either partly or wholly paid, and out of which equitably the said judgment and costs should be paid, so far as said assets will reach, under the following circumstances.

According to the will of said George Luckenbach, duly probated in the register's office in this county (a copy of which is hereto annexed), said testator gave the dwelling house in which testator lived on Market street, Bethlehem, to his wife for life, with the following proviso: "But if it should prove at any time during her life that she should find it necessary, or more convenient, to make sale thereof for her maintenance and well-keeping, in such case my executor shall have full power to make sale of the above-named dwelling house, and to give legal deed and title thereto, and the proceeds of such sale shall be safely invested and loaned out on bond and mortgage, and the interest

accruing therefrom, and the capital, if necessary, to be employed and used for the benefit, maintenance, and comfort of my wife, during her life," etc.

Said testator further provided for the conversion into money of two frame dwelling houses owned by him, and appropriated the interest thereof to said support and maintenance, if found necessary, and, finally, after giving a small legacy to his granddaughter, directed that "all and whatsoever is left and remaining after the decease of my beloved wife shall be equally divided share and share alike, between my three children Edwin R., Julius B., and Maria, my daughter," etc.

That said Maria Luckenbach having no estate of her own, and being in duty bound to provide a fund out of which the compensation provided for in the contract of January 28, 1888, for maintenance and support, then accrued and still accruing, could be paid your petitioner, on November 28, 1891, availed herself of the privilege conferred on her in said first above recited clause of her husband's will, and duly executed and had served on J. Samuel Krause, executor of said will, a paper in which she declared that she found it necessary and more convenient to make sale of the dwelling house on Market street, in which she lived, and desired and directed him to make sale thereof for her maintenance and well-keeping, a copy whereof is hereto annexed.

5. That on the receipt of said declaration of Maria Luckenbach, the said executor gave due notice of the sale of said property, to be held at the "Sun Hotel," Bethlehem, on January 9, 1892, said notice being given by advertisement in the newspapers and by handbills, a copy of which is hereto annexed. The said premises were then and are now worth nearly, if not quite, the full amount of the judgment recovered by your petitioner for maintenance as above recited, and are situated in a portion of the town where land is readily disposed of.

6. That shortly before the day of sale, Edwin R. Luckenbach (the present administrator of Maria Luckenbach), and his sister Maria, designing to thwart the efforts of their mother to pay the above honest and meritorious claim of her son, and to prevent your petitioner's getting the compensation agreed on for supporting her, began a litigation in your honorable court, to restrain said executor from selling said house and lot, Market

street, as directed by their mother, Maria Luckenbach, and while said litigation was pending, and before its determination by decree, said Maria Luckenbach died on October 4, 1892, as above stated.

7. That your petitioner was not a party to said proceeding or litigation, and he is advised that the same has no binding effect on him whatever, that his rights in the matter are the same as if the said litigation had never been begun, and that he is entitled to have the directions of his mother to sell said property, for her maintenance and well-keeping, carried out and proceeded with by the executor, as of the time when these directions were so as aforesaid irregularly interrupted, to wit in the month of January, 1892, when his mother was alive, and with the same force and effect as if no such interruption had been made.

8. That the estate of George Luckenbach remains unsettled and the premises so ordered by Maria Luckenbach to be sold for her maintenance and well-keeping, remain unsold as part assets of said estate, and your petitioner is informed and believes that said executor is willing to sell them for the purpose indicated by said Maria Luckenbach, and to pay over the proceeds to the administrator of Maria Luckenbach, in liquidation of said judgment, as far as they may reach.

9. Your petitioner therefore prays that a rule may be entered on all parties in interest, to show cause why a decree should not be made directing said executor to make sale of the house and lot, Market street, Bethlehem, Pa., described in said will of George Luckenbach, and said order of Maria Luckenbach, according to the provisions of said will, and that J. Samuel Krause, executor of George Luckenbach, pay out of the proceeds of such sale to Edwin R. Luckenbach, administrator of Maria Luckenbach, as may be necessary and sufficient to satisfy the debt, interest and costs of the judgment of Julius B. Luckenbach in the court of common pleas of Northampton county, No. 32, December term, 1892, or if not enough be realized to satisfy the whole of said judgment, then to pay over the proceeds as far as they may reach.

The answer set forth that this matter was adjudicated in the case of Luckenbach's Appeal, 170 Pa. 586 ; that there was a revocation of the order to sell, and that, in the former case, all

the parties were brought in. It also set forth, at length, the opinion of the Supreme Court in the above case, and the former petition. The facts appear by the report of that case.

The court in an opinion by SCHUYLER, P. J., dismissed the petition.

*Error assigned* was decree dismissing petition.

*H. J. Steele* and *W. E. Doster*, for appellant.—The orphans' court had jurisdiction to grant the relief prayed for by the petition: Act of June 16, 1836, P. L. 682; Brightly's Purd. Dig. 1627; Dundas' Est., 73 Pa. 474; Gibson's App., 25 Pa. 191; Craven v. Bleakney, 9 Watts, 19; Reck's App., 78 Pa. 432; Erisman v. Directors of the Poor, 47 Pa. 509; Eichelberger's Est., 135 Pa. 160; Shubart's App., 154 Pa. 230; 18 Am. & Eng. Ency. of Law, 980; Story's Eq. Jur. sec. 1062.

Trusts are imperative, and if the trust is to be effected by the execution of a power, equity will not allow it to fail: Miller v. Meetch, 8 Pa. 417; Lightner's App., 82 Pa. 301; Smyth v. Craig, 3 Gr. 513.

In Loomis's App., 10 Pa. 387, it was held that the orphans' court had power to marshal assets between legatees and devisees.

The orphans' court possesses the power to settle accounts between the devisee and legatee before directing a sale: Jenkins v. Jenkins, 7 Pa. 246; Mohler's App., 8 Pa. 26; Schaffer's App., 8 Pa. 38.

*Wm. C. Loos*, for appellees.—The judgment of a proper court being a sentence or conclusion of law upon the facts contained within the record puts an end to all further litigation on account of the same matter, and becomes the law of the case, which cannot be changed or altered, even by the consent of the parties, and is not only binding upon them, but upon the courts and juries ever afterwards as long as it shall remain in force and unreversed: Bolton v. Hey, 168 Pa. 418; Marsh v. Pier, 4 Rawle, 273; Story's Eq. Pl. sec. 790.

The death of the widow operated as a revocation of the alleged order to sell: Miller & Bowman's App., 60 Pa. 404; Mellon v. Reed, 123 Pa. 15; Bleight v. Mfg. & Mechanics' Bank, 10 Pa. 131; Smith v. Folwell, 1 Binney, 546; Marsh v. Pier, 4 Rawle, 273.

OPINION BY MR. JUSTICE MITCHELL, May 18, 1896 :

The learned judge below gave a broader effect to our decision when this case was here before (Luckenbach's Estate, 170 Pa. 586) than it was intended to have.   All that was then decided was that the present appellant not being a legatee but only a creditor of a legatee under the will of George Luckenbach, the orphans' court had no jurisdiction to order a sale of the land under the act of February 24, 1834, P. L. 73, and the residuary legatees to whom the land would come after the widow's death, had a right to be heard on the crucial fact of a direction by the widow to her husband's executor to sell the land for her maintenance.

This fact, which is the foundation of appellant's asserted rights against the land, has never been ascertained.   What is said in the opinion in 170 Pa. 586, that " the widow requested the executor to make sale, and then revoked the request," was said with reference to the status of the case as it was then before the court.   The residuary legatees alleged a revocation by the widow of the direction to sell, and as they had not had a hearing on that question the case had to be treated as if their allegation was true.

The debts of the widow not being charged on the land by the testator, the appellant as was heretofore decided has no claim against the land as a substituted legatee, or as the creditor of a legatee.   But he avers a right arising from the direction of the widow that the property should be sold to pay him for her maintenance.   This is the foundation of the whole case and appellant is entitled to a hearing and determination of the essential fact.   By the terms of George Luckenbach's will his widow was to have the income of his real estate, and " if it should prove at any time during her life that she should find it necessary or more convenient to make sale thereof for her maintenance and well keeping " the executor was directed to sell, and the income of the proceeds or the capital if necessary was to be employed for her benefit, maintenance and comfort.   This gave her the option to determine the style of her living, and the necessity of sale.   No one else could decide that for her, and no one had any standing to dispute her decision in regard to it.   Her exercise of the option was complete by a direction to the executor to sell.   It was of course revocable by her but it was not

revoked merely by her death. It was not the sale that was to be during her life, but that "she should find it necessary or more convenient to make sale." Her part was done when she directed the sale, and the carrying out of the order by the executor in her lifetime was immaterial. No delay on his part could change her rights or those of others which depended on them. This was decided in Reck's Appeal, 78 Pa. 432, which went further on this point than we are required to do here, for it was held under the provisions of the will in that case that the necessity for the use of the principal might be determined by the court after the widow's death although she had made no demand for it. Miller & Bowman's Appeal, 60 Pa. 404, and Mellon v. Reed, 123 Pa. 1, 15, cited by appellee, decided only that the wills in question made no conversion, but only gave a contingent authority to convert. That is all there is here, with the additional fact that the contingency, to wit the direction of the widow to sell, is averred to have happened.

The petition does not ask for relief in the specific form in which alone it can be granted. But whatever might be the effect of this objection in ordinary cases we think the appellant is entitled to indulgence by reason of the special circumstances. His first petition prayed a decree directing the executor to make sale of the house and lot described in the will of George Luckenbach " and said order of Maria Luckenbach," and thereupon to pay, etc. This was the proper form for the relief asked, and the court upon it decreed a sale, but based the decree on the ground that the petitioner had succeeded to the rights of the widow and the case was therefore within the act of 1834. For this reason, and because the residuary legatees had not been heard on the question of the revocation of the widow's order to sell, the decree was reversed. It was not unnatural for the petitioner to infer from this that the prayer of his petition was disapproved, but such was not the intention. The reversal was a decision against the decree, not against the relief asked. The present petition sets forth the necessary facts, and only the formal prayer is wanting. The petitioner therefore should have leave to amend his prayer for relief, and that being done, the court should proceed to determine the fact whether the widow exercised her power under the will to direct a sale, and did not revoke it. If this should be determined in appellant's favor the

executor should then make the sale, and bring the proceeds into court to meet the appellant's claim, with the same effect as if done in the widow's lifetime. The land notwithstanding the decree in partition must be subject to prior debts and charges as in other cases.

Decree reversed at the costs of the appellee and record remitted for further proceedings in accordance with this opinion.