## William R. Lejee's Estate. Appeal of The Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee.

*Will—Construction of—Legacy—Annuity.*

Testator gave unto a trustee twenty thousand dollars in trust for a niece. He directed that should his niece " at any time desire to increase her income by an annuity the said trustee shall at her request at any time invest the whole or any part of this twenty thousand dollars in an annuity for her, nor do I restrict her as to this investment in case she should hereafter marry." The niece never made any request to the trustee to purchase for her an annuity to increase her income, but demanded payment to her of the whole trust fund. *Held*, that the direction to purchase an annuity did not authorize the payment directly to the niece of the whole trust fund to dispose of as she might think proper.

Testator gave a legacy of one thousand dollars to a niece to be paid as soon after his decease as practicable, as she might need it for immediate support. By a subsequent clause he gave twenty thousand dollars to a trustee in trust for his niece. A codicil to the will was as follows : " The purpose of the present codicil is to add to the legacy of my niece the sum of ten thousand dollars." *Held*, that the legacy given by the codicil was to be added to the legacy given in trust.

A testator by his will and codicils gave to various persons legacies, some in trust and some not in trust. By a later codicil he revoked two charitable bequests, and directed that the amounts which they represented should be divided pro rata among the individual legatees to whom he had made bequests. *Held*, that all of the legatees took their several shares in this fund free from trusts.

Argued Jan. 20, 1897. Appeal, No. 355, Jan. T., 1896, by the Pennsylvania Company for Ins. on Lives, etc., from decree of O. C. Phila. Co., Oct. T., 1894, No. 463, sustaining exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Exceptions to adjudication.

From the record it appeared that William R. Lejee died on May 5, 1887, leaving a will, the material portions of which are as follows :

" I give and bequeath to the Pennsylvania Company for Insurances on Lives and Granting Annuities the sum of Twenty Thousand Dollars ($20,000) in trust for my niece Eugenia J.

Marshall during her life, the income to be paid to her or to her authorized attorney, and at her decease the principal to be divided among her children, share and share alike, the issue of a deceased child to represent the parent.  Should my said niece die without children or their issue surviving her, in that case the principal so held in trust for her shall be divided among the children of my niece Williamanna Fullerton and their issue as I hereinafter provide for such children and issue.  As my said niece Eugenia J. Marshall is unmarried, should she at any time desire to increase her income by an annuity, the said Trustee, shall, at her request, at any time, invest the whole or any part of this Twenty thousand Dollars in an annuity for her, nor do I restrict her as to this investment in case she should hereafter marry."

By the will in the first clause the testator provides :

"I leave to . . . . Eugenia J. Marshall One thousand dollars, to be paid as soon after my decease as practicable as they may need it for immediate support."

By a codicil to his will, dated March 12, 1894, the testator provided :

" The purpose of the present codicil is to add to the legacy of my niece Eugenia J. Marshall the sum of ten thousand ($10,000) dollars and to give and bequeath to each of my nephews, etc. . . . In all thirty thousand dollars, free of tax. The said legacy to be provided for and paid with other individual bequests before any appropriation is made for those to public or benevolent institutions, which amount in all to twenty-six thousand dollars."

By a codicil dated May 6, 1891, he provided as follows :

" I hereby revoke so much of my last will and testament as gives the residue of my estate to the Hospital of the Protestant Episcopal Church and the Children's Hospital share and share alike, and in lieu thereof I direct that said residue be divided pro rata among the individual legatees to whom I have made bequests in my said last will and testament and the several codicils thereto, excepting, however, Leonida Scobie (née Simones). In her case I do not make any change."

The adjudication by FERGUSON, J., was in part as follows :
The testator gave to the United States Trust Company the

sum of $20,000 in trust to pay the income to Mrs. Leonida Scobie during her life, and after her death the principal to be divided among her children. There were several other bequests of a similar character. The question raised was whether the beneficiaries were entitled to interest on the said sum since the death of the testator or from a year afterwards. This question was decided by the Supreme Court in Flickwir's Est., 136 Pa. 374, where it was held that where the income only of a sum of money was given it was the same as an annuity, and the beneficiary was entitled to the income from the time of the death of the testator.

The testator by his will gave the sum of $5,000 each to a number of charitable institutions, and by one of his codicils cut these legacies down to $2,000 each, but made a mistake in figures in stating the aggregate amount of them. This mistake can make no difference, as the intention of the testator to cut down the legacies is too clear to admit of any discussion.

The testator by a codicil to his will dated the 6th day of May, 1891, revoked so much of his last will and testament as gives the residue of his estate to the Hospital of the Protestant Episcopal Church and the Children's Hospital share and share alike, and in lieu thereof directed "that said residue be divided pro rata among the individual legatees to whom I have made bequests in my said last will and testament and the several codicils thereto excepting, however, Leonida Scobie (née Simones). In her case I do not make any change."

The question was raised whether those legatees whose shares were held in trust were to participate in this pro rata distribution. The auditing judge thinks that it was the intention of the testator that all the legatees except the charitable ones were to share in this residue, and that he used the words individual legatees only to distinguish them from the charitable ones.

The testator gave a legacy of $1,000 to his niece, Eugenia J. Marshall. By a subsequent clause he gave to the Pennsylvania Company $20,000 to hold in trust for her during her life. By a codicil dated March 12, 1894, he said, "The purpose of the present codicil is to add to the legacy of my niece, Eugenia J. Marshall, the sum of $10,000," etc. The question raised is as to which of the legacies to Eugenia J. Marshall the testator referred. The auditing judge is of the opinion that the testa-

tor meant the principal one of $20,000, for the reason that in the bequest of the $1,000 legacy the testator states that it is to be paid to the legatee as soon after his decease as practicable, as she may need it for immediate support. The presumption then is that it was in the mind of the testator that this $1,000 would be so used, whereas the $20,000 would not be paid over until the settlement of his estate; in fact it has not been paid over yet. The $1,000 legacy having been paid over and perhaps spent, as indicated by the testator, there is nothing left to add the legacy of $10,000 to as directed by the testator, excepting the other legacy of $20,000 which is to be held in trust. The auditing judge awards this legacy of $10,000 to the trustee for Eugenia J. Marshall to hold for the uses and purposes declared by the will of the testator.

Upon exceptions to the adjudication, FERGUSON, J., filed the following opinion:

Neither of the questions raised by the only two exceptions which it is necessary to consider was suggested, much less argued, before the auditing judge. The testator gave to the Pennsylvania Company the sum of $20,000 in trust for his niece, Eugenia J. Marshall, during her life, the income to be paid her, and at her decease the principal to be divided among her children, and should the said niece die without children, then the principal so held in trust shall be divided among the children of his niece, Williamanna Fullerton. The testator then said: "As my said niece, Eugenia J. Marshall, is unmarried, should she at any time desire to increase her income by an annuity, the said trustee shall, at her request, at any time, invest the whole or any part of the $20,000 in an annuity for her, nor do I restrict her as to this investment in case she should hereafter marry." Miss Marshall elected to take the $20,000 in place of the annuity. Can she do this? It will be seen that her power of disposition of this bequest for the purpose of buying an annuity is absolute; "the trustee shall, at her request, at any time, invest the whole or any part" of the bequest for this purpose. It is an undoubted rule that a bequest of a life estate with a general power of disposal carries the absolute property: Barford v. Street, 16 Vesey, 135; Church v. Disbrow, 52 Pa. 219. As stated by Jarman on Wills: "If a sum of money be bequeathed

to purchase for any person a ring, or an annuity, or a house, or to set him up in business, or for his maintenance and education, or to bind him apprentice, or towards the printing of a book, the profits of which are to be for his benefit, the legatee may claim the money without applying it, or binding himself to apply it, to the specified purpose, and this even in spite of an express declaration by the testator that he shall not be permitted to receive the money:" Beck's Appeal, 46 Pa. 527; Hambright's Appeal, 2 Grant, 320; Gray on Perpetuities, section 424; Schieffelin v. Kessler, 5 Rawle, 115; Davidson's Estate, 17 Phila. 424; Morris v. Phaler, 1 Watts, 389. The principle stated has been applied in numerous cases in which there was a direction to appropriate a fund in the purchase of an annuity. The legatee, under such circumstances, having been held to be entitled to the absolute estate, even when the legatee died before the annuity was purchased, or before the fund was available, as during the life of the person after whose death the investment is to be made. Yet still it is a vested legacy from the death of the testator, and the sum will belong to the personal representatives of the legatee. In Williams on Executors, 1287-8, the rule is stated thus : " Where there is a bequest of money to or in trust for legatees absolutely, but with a direction for the enjoyment or application of the money in a particular mode for their benefit, as where it is to purchase an annuity for the legatee, . . . . the legatee would be entitled to receive the capital money immediately, regardless of the particular mode directed for the enjoyment or application." For authorities upon this point, see Dawson v. Hearn, 1 Russell & Mylne Reps. 606; Ford v. Batley, 17 Beavan, 303; Bayley v. Bishop, 9 Vesey, 11; Palmer v. Crawford, 3 Swanston Chan. Reps. 482; Barnes v. Rowley, 3 Vesey, 305; Yates v. Compton, 2 Peere Williams, 310.

Though there is a trust declared the legatee takes the fund absolutely: Messeena v. Carr, Law Reps. 9 Eq. Cases, 260; or, if there was a previous life estate in the same fund with a limitation over in case of the death of the first taker without issue, or a positive prohibition against the selling of the annuity when purchased: Irwin v. Farrer, 19 Vesey, 86.

In this case, then, there being an absolute discretion in the beneficiary to terminate the other estate in this fund, by request-

ing the trustee to purchase an annuity, we are of the opinion that she takes an absolute estate.

With regard to the other exception : The testator, by a codicil to his will, revoked an absolute bequest of his residuary estate to two charitable institutions, and directed that, "in lieu thereof, I direct said residue to be divided pro rata among the individual legatees to whom I have made bequests in my said last will and testament and the several codicils thereto." Some of the individual legatees took these legacies absolutely, while, with regard to others, there were trusts. Is the share of each in this residue to be determined by the original bequest ? The testator does not say so, nor is there anything in this codicil from which such an intention can be implied. He says, in lieu of the absolute gift to the charities, the residue of his estate is to be divided among his individual legatees. We think that what little of his estate remains to be divided after the payment of the pecuniary legacies was intended to go to the legatees absolutely.

*Errors assigned* were in sustaining exceptions to adjudication.

*John G. Johnson*, for appellant.—The legacy of $10,000 given by the codicil must be added to that of $20,000 given in trust by the will.

The trustee must hold the whole fund in trust until Miss Marshall, desiring to increase her income by an annuity, shall request it to invest the whole, or a part therof, in an annuity for her : Second Reformed Presbysterian Church v. Disbrow, 52 Pa. 219 ; Williams on Executors, 1287–8 ; Messeena v. Carr, L. R. 9 Eq. 260 ; Cowper v. Mantell, 22 Beavan, 223 ; Lassence v. Tierney, 1 Macnaghten & Gordon, 561 ; Power v. Hayne, L. R. 8 Eq. 262 ; Stringer's Est., L. R. 6 Ch. Div. 1 ; In re Thomson's Est., L. R. 13 Ch. Div. 147 ; Pitman v. Holborrow, [1891], 1 Ch. Div. 707 ; Davidson's Est., 17 Phila. 424 ; Morris v. Phaler, 1 Watts, 390 ; Yetter's Est., 160 Pa. 506 ; Urich v. Merkel, 81 Pa. 334.

*A. T. Freedley*, for Eugenia J. Marshall, appellee.—The legacy is, practically, at the option of Eugenia J. Marshall, a legacy to the trustee wherewith to purchase an annuity for her sole benefit. There is no condition attached to the annuity,

no spendthrift trust, and no proviso against alienation or antici-
pation.   When the annuity is purchased Miss Marshall can
immediately sell it, either to the company issuing it or to third
persons.

It has been consistently held that a bequest of a sum of money,
whether to trustee or to the legatee individually, to be invested
in the purchase of an annuity for the life of the legatee, entitled
the legatee for whose benefit it is intended, to take the sum
which would purchase the annuity, for such legatee could im-
mediately sell the annuity when purchased: Dawson v. Hearn,
1 Russell & Mylne, 606; Ford v. Batley, 17 Beavan, 303; Bay-
ley v. Bishop, 9 Vesey, 7; Palmer v. Crawford, 3 Swanston,
Chancery 482; Yates v. Compton, 2 Peere Williams, 310;
Barnes v. Rowley, 3 Vesey, 305; In Re Brown's Will, 27 Beavan,
324; Woodmeston v. Walker, 2 Russell & Mylne, 197; Stokes
v. Cheek, 28 Beavan, 620; Roper v. Roper, L. R. 3 Ch. Div.
721; Power v. Hayne, L. R. 8 Eq. 262; Kerr v. Middlesex
Hospital, 2 DeGex, Macnaghten & Gordon, 576; Hatton v.
May, L. R. 3 Ch. Div. 148; Pitman v. Holborrow [1891], 1 Ch.
707; 1 Jarman on Wills, 6 Am. ed. 398; 2 Williams on Exec-
utors, chap. II, sec. 4 [1195]; Beck's App., 46 Pa. 527; Boyle
v. Boyle, 152 Pa. 114; Bayley v. Bishop, 9 Vesey, 11; Barnes
v. Rowley, 3 Vesey, 305; Kerr v. Middlesex Hospital, 2 De Gex,
M. & G. 583; Cowper v. Mantell, 22 Beavan, 231; Stringer's
Est., L. R. 6 Ch. Div. 1; Thomson's Est., L. R. 13 Ch. Div.
147; Morris v. Phaler, 1 Watts, 390; Urich v. Merkel, 81 Pa.
332; Davidson's Est., 17 Phila. 424; Campbell v. Brownrigg,
1 Phillips' Ch. 301.

In doubtful construction the law leans in favor of absolute
rather than limited bequests: Smith's Est., 23 Pa. 11.

*Henry S. Cattell*, for *Charlotte A. Johnson*, appellee.

OPINION BY MR. JUSTICE McCOLLUM, May 27, 1897:

The provisions in the will of William R. Lejee and the codi-
cils thereto, on the construction of which the whole contention
on this appeal depends, are as follows: In the first clause of the
will the testator leaves to Eugenia J. Marshall and to each of
the other persons named therein $1,000, to be paid as soon after
his decease as practicable, on the assumption that they might

need it for immediate support. In the fourth clause of the same he said: " I give and bequeath to the Pennsylvania Company for Insurances on Lives and Granting Annuities, the sum of twenty thousand dollars in trust for my niece Eugenia J. Marshall during her life, to be paid to her or her authorized attorney, and at her decease the principal to be divided among her children, share and share alike, the issue of a deceased child to represent the parent. Should my said niece die without children or their issue surviving her in that case the principal so held in trust for her shall be divided among the children of my niece Williamanna Fullerton and their issue as I hereinafter provide for such children and issue. As my niece Eugenia J. Marshall is unmarried should she at any time desire to increase her income by an annuity the said trustee shall, at her request, at any time, invest the whole or any part of this twenty thousand dollars in an annuity for her, nor do I restrict her as to this investment in case she should hereafter marry." In the codicil dated March 12, 1894, we find the following provision: " The purpose of the present codicil is to add to the legacy of my niece Eugenia J. Marshall the sum of ten thousand dollars and to give and bequeath to each of my nephews, J. Palmer Fullerton and William L. Fullerton, their heirs and assigns, also the sum of ten thousand dollars. In all thirty thousand dollars, free of tax. The said legacies to be provided for and paid with other individual bequests before any appropriation is made for those to public or benevolent institutions, which amount in all to twenty-six thousand dollars. The said legacies also to participate pro rata in the division of the rest and residue of my estate should there be any to divide."

The main contention relates to the effect upon the trust created by the fourth clause of the will of the provision in it in regard to the purchase of an annuity. The learned court below regarding the annuity provision as destructive of the trust and the interests intended to be protected by it, and therefore as investing Eugenia J. Marshall with absolute ownership of the entire trust fund, awarded the same to her. It is obvious that this award, if sustained, will defeat the unmistakable purpose of the testator in creating the trust. It was clearly his intention to make ample provision for the suitable maintenance of his niece during her life, and it is probable that when he wrote

his will he believed that the income of the fund bequeathed in trust as aforesaid would be sufficient for such maintenance. But, conscious that there might be a contingency in which the income from the trust fund would be inadequate for such support as he intended she should have, he provided for an increase of it in the manner and on the terms stated in the concluding paragraph or sentence of the fourth clause of his will. It was his beneficiary who was to determine whether there was occasion for increasing her income, and on her expression to the trustee of her desire to increase it by an annuity it was made the duty of the latter to purchase it for her in accordance with her request. Certainly this was a concession to her by the testator of a liberal discretion, in full confidence however, that she would exercise it in conformity with his clearly expressed intentions. If an investment of one fourth of the fund in the purchase of an annuity would sufficiently increase her income, it was not expected that an investment of a greater amount would be made in this form because it would necessarily take from the persons to whom the principal was given at her death that which the testator intended they should have. It is said that under the will she may require the trustee to invest the $20,000 in an annuity. This may be true, but nevertheless such an investment if made must be based on her expressed "desire to increase her income." It is also said that having compelled the trustee to make such an investment she may sell the annuity and dispose of the proceeds of the sale as she pleases. This also may be true, but our attention has not been called to any express direction of the testator to invest any portion of the trust fund in her name. As it is not claimed that Eugenia J. Marshall has any "desire to increase her income by an annuity" there is no occasion to consider the effect upon the trust of the purchase of an annuity by the trustee on her request. But while the discretion allowed to her by the testator has not been exercised we have deemed it proper to indicate our view of his purpose in conceding it.

We cannot assent to the proposition that the provision in regard to the purchase of an annuity, considered by itself, is destructive of the trust and of the interests for the protection of which it was created. The direction by the testator to the trustee to purchase an annuity for the cestui que trust on her

request, founded on her desire to increase her income in that way, does not authorize the payment directly to her of the whole trust fund to dispose of as she may think proper. It was not so intended, nor is there any rule of construction which demands that it shall be so interpreted. This is not a case in which there is an absolute gift of a fund to the beneficiary with directions respecting the investment and use of it. It is a case in which there is a gift of a fund to a trustee to invest and to pay the income of it to one person for life, and at her death to pay the principal of it to the persons designated to receive it. The decisions cited by the appellee to sustain her contention are applicable to the former, but not to the latter. It may be conceded that some of the English cases, especially the case of Messeena v. Carr, Law Rep. 9 Eq. 260, seem to afford some support to her claim, but we think that none of them can be justly said to furnish a clear warrant for it. As her claim, if sustained, will defeat the plain purpose of the testator in creating the trust and strike down important interests intended to be protected by it, nothing short of such a warrant will justify its allowance. No decision of this court which authorizes it has been brought to our notice. In some respects the appellee's claim in this case resembles the claim of the appellants in LaBar's Estate, ante, p. 1.

The possibility that the beneficiary may exercise the discretion given to her in regard to the purchase of an annuity, and thus wholly or partially destroy the interests in remainder, is not sufficient ground for dispensing with the exercise of it, and awarding the entire fund directly to her. The exercise of the discretion in good faith may destroy these interests but the mere existence of it cannot.

For reasons clearly stated by the learned auditing judge we concur in his conclusions that the testator intended by the codicil of March 12, 1894, to add to the sum of $20,000 bequeathed to the Pennsylvania Company for Insurances on Lives and Granting Annuities in trust as aforesaid the further sum of $10,000 to be held by the trustee for the uses and purposes declared by his will. We are not satisfied that error was committed by the court below in the distribution of the residuary estate. It follows from what has been said that the $30,000 awarded to Eugenia J. Marshall should have been awarded to her trustee,

the Pennsylvania Company for Insurances on Lives and Granting Annuities.

Decree reversed and record remitted to the court below with direction to enter a decree in conformity with this opinion. The costs to be paid by the appellee.