## Dewald v. Berkheiser, Appellant.

*Decedent's estates— Jurisdiction of orphans' court—Creditors—Distrib-
utees.*

The orphans' court alone has authority to determine the amount of a de-
cedent's property, and order its distribution.   A common-law action cannot
be sustained against an executor or administrator to recover a distributive
share of the estate of a decedent.   The only authority for a common-law
action by one who claims not as a creditor, but as a distributee or legatee,
is found in the Act of February 24, 1834, P. L. 73, sec. 50; but an action
cannot be sustained even under this section to recover a legacy which is
subject to a condition unperformed, nor by a mere creditor.

The legatee of the residue of an estate cannot recover that residue by
an action under said section of the act, for the amount of that residue would
be dependent upon an accounting in the orphans' court, which has exclu-
sive jurisdiction to determine the amount of the estates of decedents.

After the orphans' court has determined the amount of the residuary es-
tate, and the amounts of the several legacies, which under the terms of the
will were not definite or specific, and could not be made so until the amount
for distribution was judicially determined, the jurisdiction to enforce that
decree remains exclusive in the orphans' court.

Where a testator has given his whole estate to his executors to convert
into money and to invest, and to pay the interest accruing from the same
to his widow for her maintenance, and if the interest is insufficient for that
purpose to pay her out of principal such " sum or sums, as she may desig-
nate, or be in need of," and after the death of the widow to distribute the
unexpended principal to parties named, a person cannot, after the death

of the widow, maintain an action in the court of common pleas against the executors, on the ground that he had a contract with the widow under which he avers that he was to receive a certain sum per week for keeping her, that the interest was not sufficient for this purpose, that the widow had designated a certain sum to be drawn from the trust fund by the executors and paid to plaintiff, and that the executors had been so notified.

Argued Dec. 5, 1901.    Appeal, No. 56, Oct. T., 1900, by defendant, from judgment of C. P. Schuylkill Co., March T., 1898, No. 117, on verdict for plaintiff, in case of Ellen Dewald and Benjamin A. Dewald in right of his Wife, Ellen Dewald, v. William Berkheiser and O. J. Aregood, Executors of John Berkheiser, Deceased.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Reversed.

Assumpsit to recover moneys alleged to have been spent for the maintenance of Sara Berkheiser, widow of John Berkheiser.    Before MARR, J.

The opinion of the Superior Court states the case.

The court refused binding instructions for defendants.

Verdict and judgment for plaintiff for $1,365.49.    Defendants appealed.

*Error assigned* amongst others was in refusing binding instructions for the defendant.

*N. Heblich* and *A. W. Schalck*, for appellants.—The court had no jurisdiction: Loomis v. Loomis, 27 Pa. 233 ; Bradfords v. Kents, 43 Pa. 474 ; Lewis v. Lewis, 13 Pa. 79 ; Van Dyke's Appeal, 60 Pa. 481 ; Thomas v. Simpson, 3 Pa. 60 ; Gibson's App., 25 Pa. 191 ; Musselman's App., 65 Pa. 480 ; Brotzman's App., 119 Pa. 645 ; Hartzell's Est., 178 Pa. 286 ; Erie Dime Savings, etc., Co. v. Vincent, 105 Pa. 315 ; Innes's Est.. 4 Whar. 184 ; Brown's App., 12 Pa. 333 ; Wapples's App., 74 Pa. 100 ; Graven v. Bleakney, 9 Watts, 19 ; Ashford v. Ewing, 25 Pa. 213 ; Johnstone v. Fritz, 159 Pa. 378 ; Dickinson's Est., 148 Pa. 142.

The jurisdiction of the orphans' court over testamentary trustees is exclusive : Wapples's Appeal, 74 Pa. 100 ; Jones's Appeal, 3 Grant, 169 ; Erie Dime Savings, etc., Co. v. Vincent, 105 Pa. 315 ; Engel's Estate, 180 Pa. 215, 216.

*W. F. Shepard*, for appellee.—While as to the claim of distribution and legatees upon the estate of a decedent, the jurisdiction of the orphans' court is exclusive as to creditors, the right to proceed by a common-law action for the determination of their claim is concurrent with the right to proceed in the orphans' court : Phillips, Administrator, v. Allegheny Valley R. R. Co., 107 Pa. 465 ; Haviland v. Fidelity Ins., Trust & Safe Deposit Co., 108 Pa. 236 ; Reck's App., 78 Pa. 432 ; Hammett's App., 83 Pa. 392 ; Luckenbach v. Luckenbach, 175 Pa. 484.

OPINION BY W. D. PORTER, J., March 14, 1902 :

The plaintiff brought an action of assumpsit against the executors of the will of John Berkheiser, deceased, and recovered a judgment in the court of common pleas. The defendants at the trial raised the question of the jurisdiction of the court, which having been ruled against them lies at the foundation of this appeal. The will of John Berkheiser, deceased, was probated on February 4, 1871, and contained the following provisions which are material to the question now presented for consideration. The will ordered and directed his executors to sell all his estate, real and personal, and after the whole estate was converted into money that it be " put and placed out at interest, on good security, or in the Miners' Life Insurance & Trust Company, of Pottsville, Pa., for the maintenance and support of my beloved wife, Sara Berkheiser, during her natural life, if so long she remain my widow. And further, I direct that the interest on the amount so deposited shall be drawn annually for her use, and in case the said interest would not be sufficient for her maintenance as aforesaid, my executors shall, from time to time, draw such sum or sums, as she may designate or be in need of, all of which is to be in lieu of her dower at common law." Then follows a devise over after the death of the widow, of " all the money hereby devised or bequeathed to her as aforesaid, or so much thereof as may then remain unexpended," to various parties named. The executors invested the money as by the will required and regularly paid the income thereof to Sara Berkheiser, who remained the widow of decedent until her death in 1897. The widow had, during the last eighteen years of her life, resided with and

been taken care of by the plaintiff. The plaintiff averred that the income of the trust fund had not been sufficient for the maintenance of the widow, who had made a contract with plaintiff to pay a certain sum per week for keeping her, that the widow had designated a certain sum to be drawn from the trust fund by the executors and paid to the plaintiff for having maintained her, that the executors had been notified of the insufficiency of the income to maintain the widow, and that under this state of facts and the provisions of the will the plaintiff was entitled to be paid by the executors the amount which had been so designated by the widow. The defendants denied the allegations of fact and in proper form averred that if there was any cause of action it was one of which the orphans' court had exclusive jurisdiction. There was some evidence that one of the executors had been notified during the lifetime of the widow that the income of the fund was not sufficient to pay plaintiff for maintaining her, but there was no evidence that either of the executors had during the lifetime of the widow been notified that she had designated any specific amount of money to be drawn from the principal.

The jurisdiction of the court must be determined from the nature of the plaintiff's claim upon the estate of John Berkheiser and the character of the fund in the hand of the executors against which the claim was asserted. While as to the claims of distributees and legatees upon the estate of a decedent the jurisdiction of the orphans' court is exclusive, as to creditors the right to proceed by a common-law action for the determination of their claims is concurrent with the right to proceed in the orphans' court. A creditor may proceed to liquidate his claim by an action in the common pleas, but when he seeks to obtain payment out of the fund in the hands of the executor or administrator he must proceed in the orphans' court, and may use his common-law judgment as prima facie evidence of his right to participate in distribution: Rastaetter's Estate, 15 Pa. Superior Ct. 549; Hammett's Appeal, 83 Pa. 392; Phillips, Administrator, v. Allegheny Valley Railroad Company, 107 Pa. 465. The orphans' court alone has authority to determine the amount of a decedent's property and order its distribution. A common-law action cannot be sustained against an executor or administrator to recover a distributive

share of the estate of a decedent: Whiteside v. Whiteside, 20 Pa. 473; Ashford v. Ewing, 25 Pa. 213; Wilson Black's Executor v. Marcus Black's Executor, 34 Pa. 354. The only authority for a common-law action by one who claims not as a creditor but as a distributee or legatee is found in the Act of February 24, 1834, P. L. 73, sec. 50, which provides that, "It shall be lawful for any person to whom any bequest of money, or other goods or chattels, may be made by last will or testament to commence and prosecute an action of debt . . . . for the recovery thereof after it becomes due, against the executors of such will," etc. This section of the statute is still in force and in those cases in which it applies the common pleas and the orphans' court have concurrent jurisdiction: Burt v. Herron's Executors, 66 Pa. 400; Dundas's Estate, 73 Pa. 474; Guthrie v. Kerr, 85 Pa. 303. An action cannot be sustained under this section to recover a legacy which is subject to a condition unperformed, nor by a mere creditor of the legatee: Gilliland v. Bredin, 63 Pa. 393; Guthrie v. Kerr, supra. The remedy is available to recover "any bequest of money or other goods or chattels, . . . . against the executors of such will having in their hands sufficient assets to pay all the just debts of the testator and the legacies by him bequeathed." Taken in connection with the following sections of the statute it is manifest that the legislative intent was to give this remedy where there was a bequest of a definite sum of money, or of specific chattels, which might be defeated because there were not sufficient assets to pay it and the other legacies after the debts of the testator were discharged. The legatee of the residue of the estate could not recover that residue by an action under this section of the statute, for the amount of that residue would be dependent upon an accounting in the orphans' court, which has exclusive jurisdiction to determine the amount of the estates of decedents. Within its appointed orbit the jurisdiction of the orphans' court is exclusive. After the orphans' court has determined the amount of the residuary estate, and the amounts of the several legacies which under the terms of the will were not definite or specific, and could not be made so until the amount for distribution was judicially determined, the jurisdiction to enforce that decree remains exclusive in the

orphans' court: Shollenberger's Appeal, 21 Pa. 337; Black's Executors v. Black's Executors, supra.

Even if the bequest had been of such a character as to render the executors liable in an action of law in the common pleas at suit of the legatee, this plaintiff was not a legatee, nor a substituted legatee. She was a creditor of a legatee, and her claim upon the fund arose from the alleged designation by the legatee of a sum of money to be taken from the principal of the trust fund and applied to her maintenance. This did not give the plaintiff the right to maintain a common-law action directly against the executors of John Berkheiser, deceased. Whether it gave her a right to have a part of the trust fund applied to the payment of her debt is an entirely different question. If she had any such right it was enforceable only in the manner pursued in Reck's Appeal, 78 Pa. 432, and Luckenbach v. Luckenbach, 175 Pa. 484.

The clause of the will under which the executors held the fund out of which the plaintiff sought to recover was not an absolute bequest of the money to Sara Berkheiser. Her right to use any part of the principal was contingent upon her necessities: Lejee's Estate, 181 Pa. 416; Gross, Administrator, v. Strominger, Administrator, 178 Pa. 64; Estate of Jesse Geist, 193 Pa. 398. The executors had active duties to perform with regard to this trust, they were to invest and reinvest the fund, and pay over the interest. There was a devise over, after the death of the widow of the principal fund or so much of it as remained. Those who were to take in remainder were entitled to be heard as to the right of this plaintiff to take a considerable portion of the estate after the death of the widow. The fund was held under a testamentary trust. Had the defendants been trustees nominatim the common pleas and orphans' court would have had concurrent jurisdiction over the trustees and the trust fund. But the power or trust was by this will given to the executors as such, or virtute officii. The jurisdiction over testamentary trusts and trustees of this class was saved exclusively to the orphans' court by the 15th section of the Act of June 14, 1836, P. L. 632, which is to be considered in connection with the act of June 16, of the same year, P. L. 784. If the plaintiff is entitled to recover that right arises out of the provisions of the bequest which created the trust, not because of the

way in which the trustees have managed the trust estate; she must therefore go into the court which has exclusive jurisdiction of both the trust fund and the trustees: Wheatly v. Badger, 7 Pa. 459; Johnson's Appeal, 9 Pa. 416; Seibert's Appeal, 19 Pa. 49; Mussleman's Appeal, 65 Pa. 480; Wapples's Appeal, 74 Pa. 100; Brown's Appeal, 12 Pa. 333. We are of opinion that the court of common pleas did not have jurisdiction of the cause of action averred in plaintiff's statement and sought to be sustained by the evidence produced in the court below.

The judgment is reversed.