# Dunlap et al., Appellant, *v.* Dunlap, Exec.

*Trusts—Trustee—Executor of the estate of trustee of personal property—Disposition of fund—Jurisdiction of municipal court— Fiduciaries Act of 1917—Pleadings.*

In an action of assumpsit in the Municipal Court to recover the amount of a trust fund, it appeared that the fund consisted of bank deposits made by the legal plaintiff's mother in trust for her daughter. The mother died without revoking the trust and letters testamentary on her estate were granted to defendant. The fund was later paid over to the defendant by the bank. Defendant did not include the fund in the account filed in the estate of the mother and refused to account to the plaintiff therefor. Defendant filed an affidavit of defense, raising questions of law, one of which was that jurisdiction of the cause of action was exclusively in the Orphans' Court.

In such case it was error for the Court to enter judgment for defendant on the ground that it was without jurisdiction.

The defendant was not a testamentary trustee within the intendment of sub-section "g" of Section 46 of the Fiduciaries Act of June 7, 1917, P. L. 447.

Plaintiff's action was not for a distributive share of her mother's estate or for a legacy, but for money had and received by the defendant which came into his hands, not as a part of the assets of the estate of the decedent but merely because he was the executor

of the trustee under a trust in which the plaintiff was the cestui que trust.

The general rule is that, upon the death of a trustee of personal property and where no successor has been appointed by the proper Court, the property held in trust goes to the personal representative of the deceased trustee but not as an asset of the estate of which he is executor or administrator because he takes such personalty subject to the trust and so long as it can be traced and distinguished it inures to the benefit of the cestui que trust. Prima facie it is the duty of an executor of a trustee of personal property, upon receiving the same, to state an account thereof in behalf of the trustee.

Argued October 12, 1927.  Appeal No. 208, October T., 1927, by plaintiff from judgment of M. C., Philadelphia County, January T., 1926, No. 551, in the case of L. Muriel Dunlap, to the Use of Integrity Trust Company, v. William A. Dunlap, Executor of the Estate of Alice L. Dunlap, Deceased.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Reversed.

Assumpsit to recover the amount of a trust fund in the hands of an executor of the trustee.  Before BROWN, J.

The facts are stated in the opinion of the Superior Court.

Defendant filed an affidavit of defense raising questions of law.

The court entered judgment for the defendant on the pleadings.  Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Edward Clark Lukens,* and with him *John Stokes Adams,* for appellant.

*C. Oscar Beasley,* for appellee.

OPINION BY CUNNINGHAM, J., March 2, 1928:
The question involved on this appeal is whether the

municipal court erred in holding that it does not have jurisdiction over the cause of action set forth in plaintiff's statement of claim. The defendant filed an affidavit of defense under section 20 of the Act of May 14, 1915, P. L. 483, raising certain questions of law. One of these, namely, that the jurisdiction is exclusively in the orphans' court was sustained by the court below and judgment entered in favor of the defendant, from which judgment the use plaintiff now appeals.

Under such circumstances every relevant fact sufficiently averred in the statement and every inference fairly deducible therefrom must be accepted as true: Troop v. Franklin Savings and Trust Company, 291 Pa. 18. The use plaintiff, Integrity Trust Company, by reason of several mergers and consolidations succeeded to the rights of action of the Union Trust Company (Pittsburgh Terminal Coal Corporation v. Potts, 92 Pa. Superior Ct. 1). On April 16, 1902, Alice L. Dunlap opened with the Union Trust Company a savings account for her infant daughter, Muriel L. Dunlap (sometimes called L. Muriel Dunlap), then less than two years of age, and during her lifetime made various deposits to the credit thereof. The title of the account upon the books of the company was "Muriel L. Dunlap, Alice L. Dunlap, Trustee." The mother died April 2, 1912, and letters testamentary on her estate were granted to her husband, William A. Dunlap, the defendant. By February 11, 1924, (the daughter being then of full age) the amount standing to the credit of the account was $268.28, being the aggregate of the deposits made by the mother, together with the interest which had accrued thereon. On that date the defendant drew a check to his own order as "Executor, Alice L. Dunlap, Trustee, Muriel L. Dunlap," for the total amount and signed the same in like manner, which check was honored by the trust company and the

amount thereof paid over to him. The father having failed for a period of nearly two years to account to his daughter for the fund, a writing was executed December 11, 1925, by Muriel L. Dunlap, in which the creation of the trust fund, the death of the mother, the withdrawal of the fund by the father and his failure to pay or account to the beneficiary are recited, and by which she assigned to Integrity Trust Company, in consideration of the payment to her of the amount of said fund, all her "claim against said William A. Dunlap, both individually and as such executor . . . . . . in and to the said sum of money so withdrawn by him" and authorized the trust company to institute any proceedings deemed proper in her name "but for its use for the recovery and collection of the said sum" etc. Upon the father's refusal to pay the fund to the Integrity Trust Company this action was brought against him in the name of the daughter, to the use of the trust company, describing him as "Executor of the Estate of Alice L. Dunlap, deceased." In its opinion the court below, quoting that portion of Sub-section (g) of section 46 of the Fiduciaries Act of June 7, 1917, P. L. 447, 513, which enacts that "The orphans' court shall have exclusive jurisdiction of the accounts of all trustees appointed by such court, and of all testamentary trustees, whether such trusts are vested in executors or administrators virtute officii or in trustees named in the will," held that it applies to the facts in this case and that "the proper place to bring this suit is in the orphans' court." For the purposes of this appeal and as the depositor of the fund died without having disaffirmed or revoked the trust, we may assume that it was in full existence at the time of the death of the trustee.

The jurisdiction is to be determined from the nature of the legal plaintiff's claim: Dewald v. Berkheiser, 19 Pa. Superior Ct. 570, a case in which the question of

the respective jurisdictions of the common pleas and orphans' court is fully discussed by our present President Judge PORTER. It is not for a distributive share of her mother's estate or for a legacy, but for money had and received by the defendant which came into his hands, not as a part of the assets of her mother's estate, but merely because he was the executor of the trustee under a trust in which she was the cestui que trust. It is not sought in this proceeding to withdraw from the jurisdiction of the orphans' court any sum to which the jurisdiction of that court has attached (Paxson's Estate, 225 Pa. 204; Hermann's Estate, 226 Pa. 543) or to compel an accountant to include funds alleged to have been omitted from an inventory (Cutler's Estate, 225 Pa. 167; Blaszcak's Estate, 90 Pa. Superior Ct. 589). If this defendant had included this money in an inventory and account of his wife's estate in the orphans' court (as did the executor in Gaffney's Estate, 146 Pa. 49, hereinafter referred to) there might be some foundation for his present contention, but it clearly appears from his affidavit of defense that this has not been done. The provision of the Fiduciaries Act upon which the court below based its conclusion is from the section designating the court in which the accounts of trustees shall be filed and giving the orphans' court exclusive jurisdiction over the accounts of trustees appointed by it and of all testamentary trustees, including executors and administrators in whom trusts have been vested by virtue of their office. This trust was not created by the mother's will and the defendant was not a testamentary trustee within the intendment of the section. We are here dealing simply with the duties and liabilities of the executor of a trustee of personal property. The defendant as the personal representative of the trustee did not become her successor in the trust: Shaw v. McCameron, 11 S. & R. 252. The trust company under

the circumstances did not demand that a successor be appointed by the common pleas, as was done in Massasoit Tribe, 14 W. N. C. 92, but turned over the custody of the trust fund to the defendant as executor of the trustee. The general rule is that upon the death of a trustee of personal property, and where no successor has been appointed by the proper court, the property held in trust goes to the personal representative of the deceased trustee but not as an asset of the estate of which he is the executor or administrator because he takes such personalty subject to the trust and so long as it can be traced and distinguished it enures to the benefit of the cestui que trust: 26 R. C. L., Sec. 108, p. 1261; Sec. 127, p. 1277. Prima facie, it is the duty of an executor of a trustee of personal property upon receiving the same to state an account thereof in behalf of the trustee. The situation here is comparable to that existing in Gaffney's Estate, supra, where a deposit had been made in a bank by the decedent to the credit of himself as "trustee for Polly McKim" and so stood on the books of the bank at the time of his death. The difference between that and the present case is that upon receiving the money Gaffney's executor included the amount of the trust fund in the inventory and in his account in the orphans' court. It was held, the beneficiary having died in the meantime, that her estate was entitled to recover the fund on the distribution in the orphans' court because the making of the claim in that court was the equivalent of an action against Gaffney's executor for money had and received. Our Supreme Court said: "It does not follow that because the bank may have made a mistake and paid the money to the wrong person, the appellant is to be turned out of court. The law avoids circuity of action. The money is now in the hands of the executor of Hugh Gaffney; and if it really belongs to the estate of Polly McKim,

no good reason is apparent why she should proceed against the bank, and compel it to pay the money the second time. An action for money had and received would lie against the Gaffney Estate, and, if such action would lie, it may be recovered in this proceeding in the orphans' court." We are of opinion that the municipal court erred in holding that it did not have jurisdiction.

The judgment for defendant is reversed with a procedendo.